(36 Misc. Rep. 33.)

### In re BAUER.

(Supreme Court, Special Term, Kings County. September, 1901.)

DEAD BODIES—REMOVAL—REINTERMENT.

Where an application is made, under Laws 1900, c. 715, for the consent of the court for the removal of a dead body from a general burying plot owned by a lodge in the cemetery to a family plot in the same cemetery, which statute requires the consent of the court where the consent of other parties cannot be had, and it appears that the applicant is acting in accordance with a sentiment that a husband and wife and their children should rest together, objections to the removal on the ground that the rules of the lodge forbid disinterment, and that such an act is contrary to the rules of a religious society to which the deceased had belonged, will be overruled.

Application of Abram Bauer for the removal of the body of Lazarus Bauer from a general burying plot in a cemetery to a family plot in the same cemetery. Motion granted.

David B. Cahn, for the motion.

Roeder & Bernard (Joseph Fettretch, of counsel), opposed.

STOVER, J. This is an application for the consent of the court to the removal of a dead body from a general burying plot in a portion of Maimonides Cemetery owned by Aryeh Lodge to a family plot in the same cemetery. The application is made under chapter 715 of the Laws of 1900, which requires the consent of the court in cases where the consent of certain parties cannot be had. This application is opposed upon the ground that the rules of the society owning the plot forbid the disinterment of a body, and that the removal of a dead body is contrary to the rules of a religious society to which the deceased belonged. I think the doctrine laid down in Snyder v. Snyder, 60 How. Prac. 368, is the correct one, under the laws of this state, namely:

"The question as to the right to select the place of burial of deceased must be solved upon equitable grounds. While there is property in the burial lot, in the monuments, in the ornaments and decorations of the deceased or his grave, there is none in the remains themselves." Again: "The person having charge of the remains holds them as a sacred trust for the benefit of all who may, from family ties or friendship, have an interest in them. In case of a contention the court should assume an equitable jurisdiction over the subject, somewhat in analogy to the care and custody of infants, and make such a disposition as should seem to be best and right under all the circumstances.

While this is a special term decision, the questions in issue are so tersely stated, and the authorities so exhaustively cited, that I can add nothing by a further discussion of the questions.

In the case under consideration, while it may be said that the question of the religious belief and the rules governing the society ought to have due consideration, and while I have given to them the consideration which I think they are entitled to, yet if the party who, under the cases, holds the body in trust, does not feel himself bound by the obligations of the religious belief, and where his relation is such as to justify the court in the conclusion that he is actuated solely by a desire to properly discharge the trust, and in obedience to a sentiment which ought properly to control him, namely, that the remains of a husband and wife or father and mother should find their final resting place side by side, the court ought not to refuse its consent, but ought, rather, to aid so far as possible the discharge of the duties of the trustee.

The motion is granted. Motion granted.