(68 App. Div. 212.)

## In re BAUER.

(Supreme Court, Appellate Division, Second Department. January 17, 1902.)

1. CEMETERIES—DEAD BODIES—REMOVAL—CONTRACT—EVIDENCE—SUFFICIENCY.
   The constitution of a lodge having control, as agent of the owner, of a portion of a cemetery, provided that permission to remove a body interred therein, for reinterment in another cemetery, should never be granted, but the widow of a deceased person had no knowledge thereof, and her son-in-law, who was a member of the lodge, obtained permission, as her agent, to bury deceased in such ground. *Held*, that the interment of the body in such cemetery did not constitute a contract between the wife and lodge not to remove the remains, as the authority of the son-in-law to obtain a grave privilege did not authorize him to enter into an agreement which would deprive her of the right to remove the body.

2. SAME—IMPUTED NOTICE.
   The knowledge of the son-in-law as to the constitution of the order, arising from his membership thereof, will not be imputed to the widow.

3. SAME.
   The subsequent erection of a headstone, with an inscription satisfactory to the lodge, by the wife, after she had obtained knowledge of the

constitutional provision of the lodge prohibiting removal for reinterment, did not constitute a contract between the lodge and the widow not to remove the body.

**4. SAME—WAIVER.**

The erection of the headstone is not a waiver of the right to apply to the supreme court for permission to remove the body, under Laws 1895, c. 559, § 51, authorizing the court to grant such permission when the consent of interested persons cannot be obtained.

**5. SAME—ESTOPPEL.**

The erection of the headstone did not estop a son of deceased from applying, under the statute, for permission to remove the remains for reinterment.

**6. SAME—LAW APPLICABLE.**

The conveyance of cemetery lots in 1883, 12 years before the enactment of Laws 1895, c. 559, in reference to cemetery corporations, which, by section 40, provides that it includes all cemetery corporations not private, religious, or municipal, created under Laws repealed by the chapter, and by section 51 authorizes proceedings for the removal of bodies, indicates that the grantor was created under one of the statutes repealed by such act, and is subject to such act.

**7. SAME.**

Laws 1895, c. 559, § 51, authorizing the special term of the supreme court to consent to the removal of a dead body lawfully buried in a cemetery when the consent of either the cemetery corporation, the owners of the lot, or the surviving wife, husband, etc., is refused, applies to a portion of a cemetery conveyed by the cemetery corporation to a beneficial association which grants grave privileges therein, and the court has jurisdiction to grant permission to remove the body interred therein if the association refuses its consent.

Appeal from special term, Kings county.

In the matter of the application of Abram Bauer for the removal of the body of Lazarus Bauer, deceased. From an order granting the application (72 N. Y. Supp. 439), Aryeh Lodge, No. 6, of the Independent Order Free Sons of Israel, appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Joseph Fettretch, for appellant.

David B. Cahn, for respondent.

WILLARD BARTLETT, J. This was an application under subdivision 4 of section 51 of the membership corporations law, for the consent of the supreme court to the removal of the dead body of Lazarus Bauer from the Maimonides Benevolent Society Cemetery. Chapter 559, Laws 1895, as amended by chapter 715, Laws 1900. The portion of that subdivision material to be considered here is as follows:

"A dead body lawfully buried in a lot in such a cemetery may be removed therefrom, with the consent of the corporation, and a written consent of the owners of such lot, and of the surviving wife, husband, children, if of full age, and parents of the deceased. If the consent of any such person cannot be obtained, or if the corporation refuses its consent, the consent of the county court of the county or the supreme court, at a special term, held in the district where the cemetery is situated, shall be sufficient. Notice of the application for the consent of the court must be given, at least eight days prior thereto, personally, or, at least sixteen days prior thereto, by mail, to the corporation or to the person not consenting, and to every other person on whom service of notice may be required by the court."

It appears that the remains of Lazarus Bauer had been buried in a part of the cemetery which is described as being controlled by Aryeh Lodge, No. 6, Independent Order Free Sons of Israel. The plot or space in which Lazarus Bauer was buried is a portion of certain ground the control of which has been acquired by the lodge for the purpose of interring the bodies of members of the lodge and their relatives. Hannah Bauer, the widow of Lazarus, desired to be buried at the side of her husband. After her death one of her sons, the petitioner, finding that there was not room in the lot of the Aryeh Lodge to inter his mother's remains near those of his father, purchased another plot in the same cemetery, and requested the lodge to consent that his father's body be disinterred, in order that it might be buried next to the body of his mother in the newly-purchased family lot. This consent the lodge refused to give, on the ground that to grant such permission would be contrary to one of the lodge's by-laws, which provides that in no case shall any one ever receive permission to remove a corpse for reinterment in any other burial ground. The other three children of Lazarus Bauer united with the petitioner in his wish to have the body of their father removed, but, as the acquiescence of the lodge could not be obtained, he was forced to make the application to the court, which has resulted in the order appealed from.

It is to be observed that the application was opposed only by the Aryeh Lodge, and not by the Maimonides Benevolent Society, the owner of the cemetery. The only objection came from the Aryeh Lodge, and that organization is the sole appellant. Its status in this proceeding is not as the owner of the lot in which the body of Lazarus Bauer was originally interred, but as the representative of the owner. The lot appears to have been conveyed by the Maimonides Benevolent Society, not to the Aryeh Lodge, but to the Aryeh Widow and Orphan Association, which in turn has authorized the lodge to permit bodies to be buried there, and to receive certain fees and emoluments therefor.

The interment of the body of Lazarus Bauer in this lot was upon the application of his son-in-law, who was a member of the Aryeh Lodge, and it is contended in behalf of the appellant that, although Lazarus Bauer himself was not a member, his son-in-law's membership made the burial subject to the by-law of the lodge, which provides as follows: "But in no case shall any one ever receive permission to remove a corpse for reinterment in another burial ground." It is sought to spell out a contract between the widow and representatives of Lazarus Bauer on the one hand, and the Aryeh Lodge on the other, whereby the former agreed that the body should remain in the Aryeh Lodge lot for all time. The son-in-law paid to the financial secretary of the lodge $25, to be held as security for the erection of a suitable headstone at the grave. The widow caused this required headstone to be erected after she had been informed that there was no place for her own grave beside that of her husband, and that she could not be permitted to remove his body to another plot. The deposit of $25 was thereupon repaid to the son-in-law. From these facts we are asked to

infer that the widow entered into a contract with the lodge, which is effective to prohibit the removal of her husband's remains from one lot to another in the same cemetery, and that the children who now desire such removal, having tacitly recognized the agreement and acquiesced in its fulfillment, are estopped from denying its force and validity.

I am unable to agree with the learned counsel for the appellant in his view that the evidence establishes a contract whereby the widow agreed that the body of her deceased husband should never be disinterred. Assuming that the by-law prohibiting disinterment was binding upon her son-in-law (with reference to the burial of a body the disposition of which he could legally control) because he was a member of Aryeh Lodge, it did not become binding upon the widow merely because he acted as a friend in her behalf in securing the grave in which her husband was buried. It is manifest that she had no knowledge or information at that time of the existence of any such by-law, nor does it seem to me that she can properly be held chargeable with the knowledge possessed by her son-in-law arising out of his membership in the lodge. By making him her agent to obtain the grave privilege, she did not authorize him to enter into an agreement in her behalf which should deprive her or her children of the right now sought to be exercised under the membership corporations law of procuring at some future time a removal of the body through the assistance of the supreme court, in case circumstances should render such removal proper. "There is no general rule compelling persons dealing with a corporation at their peril to take notice of its by-laws." 2 Mor. Priv. Corp. (2d Ed.) § 593. The subsequent erection of a headstone, with an inscription satisfactory to the lodge, was neither a contractual act on the part of the widow, nor a waiver of any statutory right, and constitutes no estoppel against the petitioner in this proceeding.

It is further contended in behalf of the appellant that the third article of the membership corporations law, relating to cemetery corporations, applies only to cemeteries organized under that act, and can have no application to a case where the land, though within cemetery limits, does not belong to the cemetery, but to another and a distinct corporation, association, or individual. Section 40 of the statute declares that the term "cemetery corporation," as used in article 3 "means any corporation heretofore created for cemetery purposes under a law repealed by this chapter or hereafter created under this article, but the general term cemetery corporation does not include a family cemetery corporation or a private cemetery corporation. This article does not apply to cemeteries belonging to religious or municipal corporations." Chapter 559, Laws 1895. The cemetery in question is owned by the Maimonides Benevolent Society, which is not shown to belong to any of the classes excepted from the operation of the statute, and which is stated in the affidavit read in opposition to the motion to have conveyed the lot in which Lazarus Bauer was subsequently buried to the Aryeh Widow and Orphan Association on the 8th day of January, 1883. This conveyance, in 1883, 12 years before the enactment of the membership cor-

porations law, indicates that the Maimonides Benevolent Society must have been created under one of the statutes repealed by that law, and hence that it is embraced within its purview and scope. The point that the act does not apply where the lot is no longer owned by the cemetery organization itself is clearly untenable; for section 51, as amended, distinguishes between the corporation and the owners of the lot, requiring the consent of both to the removal of a dead body, or in lieu thereof the consent of the county court or supreme court.

Upon the merits of the case, I think it unnecessary to add anything to the reasons given by Mr. Justice Stover for granting the application, and I should have been quite content to affirm upon that opinion, if it had not seemed due to counsel to notice some points which do not appear to have been as fully discussed below as they were upon the argument of the appeal. I think the order under review should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.