COHEN et al. v. CONGREGATION SHEARITH ISRAEL IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

1. DEAD BODIES—DISINTERMENT—LAWS APPLICABLE.

Where a cemetery is maintained by a religious congregation under the authority of the laws of the state, and there is no regulation of the congregation as to who shall determine the right to disinter bodies buried there, that right must, on application to a court of equity to enjoin interference with a disinterment, be determined by the principles of equity, and not by the ecclesiastical laws of the congregation owning the cemetery.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Dead Bodies, § 5.]

2. SAME—REGULATIONS—CONSENT.

Mere membership in a religious congregation is insufficient to justify an inference that the member had subscribed to an alleged rule of the congregation that the bodies of members buried in the cemetery of the congregation should not be disinterred.

3. SAME—POWER OF COURT.

    A court has power in a proper case to render a decree empowering the relatives of a deceased person to disinter and remove the remains.

Appeal from Judgment on Report of Referee.

Action by Howard Cohen and others against the Congregation Shearith Israel in the city of New York. From a judgment for plaintiffs, defendant appeals. Affirmed.

See 82 N. Y. Supp. 918.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Edgar J. Nathan, for appellant.

Wm. Victor Goldberg and Victor E. Whitlock, for respondents.

McLAUGHLIN, J.   The plaintiffs are the eight children of Daniel S. and Adela Cohen, deceased, and the defendant is a congregation of the Hebrew faith, incorporated in 1805 under the religious incorporation act of 1784. Adela Cohen died on the 28th of February, 1890, and on the application of her husband, Daniel S., permission was granted to and she was buried in the row in defendant's cemetery at Cypress Hills, for which a nominal charge was made, and the next space in the row reserved for the grave of Daniel, which space remained vacant until after his death, April 3, 1901. Adela Cohen, during her life, expressed to Daniel and their children her regret that they did not possess a family plot in which they could all be buried, and subsequent to her death Daniel expressed a wish that the whole family, including Adela, should be buried together, and he requested that his children obtain a plot, if possible, for that purpose. Two days before his death, and while he was very ill, his son Howard purchased a lot in Mount Nebo Cemetery, a short distance from the defendant's cemetery, and the plaintiffs caused his remains to be interred in that plot. No other interments have there been made, but it was purchased by Howard for the purpose of being used as a family burying plot; his intent being to carry out the wish of his father in that respect. About the time this plot was purchased, and before the death of Daniel, application was made to the defendant for leave to disinter the remains of Adela for the purpose of reinterring them in this plot, but it was refused upon the ground that such disinterment was forbidden by the Jewish law. Subsequently this action was brought to procure a judgment establishing the right of the plaintiffs to disinter the remains of their mother, for the purpose of reinterring them in the family plot in Mount Nebo Cemetery, and enjoining the defendant from interfering with such disinterment. The issues raised by the pleadings were sent to a referee to hear and determine, and upon his report the plaintiffs had a judgment, from which defendant appeals.

Much evidence was given at the trial bearing upon the question as to whether it was permissible to disinter the remains under the Jewish law; that of the plaintiffs tending to show it was, and that of the defendant that it was not. The referee reached the conclusion that the contention of the plaintiffs was correct, and it is difficult to see how he could have done otherwise under his findings. In an elaborate and interesting opinion he fully sets forth the reasons which led him to con-

clude as he did, and which we would adopt were it not for the fact that subjects are discussed which do not seem to us to be involved in, or necessary to, a disposition of the question presented. Having found as a fact that an expressed intent that a body interred may, perhaps, be removed entitled the proper parties thereafter to remove it, under the practice adopted by the defendant corporation, and that Daniel S. at the time the remains of Adela were interred had this intent, was, all that was necessary to entitle the plaintiffs, when applying to a court of equity, to the relief asked. Especially is this so when such finding is read in connection with the other facts developed at the trial, and there is no finding that he did not express this intent to the proper authorities of the defendant or the person having charge of the cemetery. The finding that he had this intent, and that Adela had, previous to her death, expressed a wish that all of the family should be buried in one plot, and the unanimous feeling of all the children to the same effect, coupled with the purchase of another lot, and the request made of the defendant prior to the death of Daniel, we think would have justified a finding that the interment of Adela was conditional, and therefore the disinterment was not contrary to the Jewish law. The cemetery of the defendant is maintained pursuant to the authority of the laws of this state, and, in the absence of a regulation adopted by the defendant as to who shall determine the right of removal, such right must be determined, when presented to a court of equity, upon equitable grounds, and not by the Jewish law. Ecclesiastical law is not a part of the law of this state, nor are equitable rights to be determined by it; on the contrary, when a court of equity exercises its powers, it does so only upon equitable principles, irrespective of ecclesiastical or any other law. As was said in Matter of Donn (Sup.) 14 N. Y. Supp. 189:

"When an ecclesiastical body assumes jurisdiction and control over a corpse, its acts are of a temporal and judicial character, and not in any sense spiritual; and under our laws and institutions, when it attempts to do so, it is acting outside of its proper jurisdiction and domain."

It may be that if an agreement were made with a cemetery association that remains there interred could not thereafter be disinterred, a court of equity would enforce the agreement; or, if a religious corporation had a rule, to which a member subscribed, that if his remains were interred in a cemetery controlled by it they could not thereafter be removed, that a court of equity would refuse to exercise its powers to decree removal. But that is not this case. There was no agreement that the remains of Adela would not, after interment, be disinterred. Nor had she subscribed to any rule of the defendant which prevented such removal, unless that fact be inferred from her membership alone, which is insufficient. That the court had the power, under the findings of the referee and the facts developed by the evidence, to decree a removal is sustained by numerous authorities. Matter of Beekman Street, 4 Bradf. Sur. 503; Matter of Donn, supra; Matter of Bauer, 68 App. Div. 218, 72 N. Y. Supp. 439, 74 N. Y. Supp. 155; Snyder v. Snyder, 60 How. Prac. 368; Weld v. Walker, 130 Mass. 422, 39 Am. Rep. 465.

I am of the opinion that the judgment is right, and should be affirmed, with costs. All concur.