### In re ACKERMANN et al.

(Supreme Court, Appellate Division. First Department. March 13, 1908.)

1. DEAD BODIES—BURIAL—REMOVAL FROM PLACE OF BURIAL—JUDICIAL AUTHORITY.

The grounds on which the court will proceed under Laws 1895, p. 347, c. 559, § 51, as amended by Laws 1900, p. 1550, c. 715, providing that a dead body lawfully buried in a cemetery may be removed with the consent of the Supreme Court at a special term, etc., are among those on which equity would, prior to the passage of the act, have allowed a disinterment and reburial of human remains, and to warrant a removal there must be some controlling public reason or superior private right, since the right of Christian sepulture includes the right to have one's remains respected in his last resting place.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Dead Bodies, § 5.]

2. SAME.

Two persons presented a petition for leave to disinter the remains of their parents from a lot in a cemetery. The parents were buried in the same grave, and there was a stone marking their resting place. The wife, dying after the death of her husband, had expressed her wish to be interred with him, which was done. Other children resisted the application, supported by good grounds. *Held*, that the court erred in granting the application, under Laws 1895, p. 347, c. 559, § 51, as amended by Laws 1900, p. 1550, c. 715.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Dead Bodies, § 5.]

Appeal from Special Term.

In the matter of the petition of Louisa Ackermann and another for the removal of the bodies of Philip J. Ackermann and another, deceased. From an order granting the application, certain of the children of the deceased appeal. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and SCOTT, JJ.

P. A. Hatting, for appellants.
John W. Ruff, for respondents.

PATTERSON, P. J. Louisa and Barbara Ackermann presented their petition to the Supreme Court praying for leave to disinter the remains of their parents from a lot or plot in which such remains had been buried in Woodlawn Cemetery, and remove them to one which belongs to the petitioners. The application seems to have been made under the provisions of chapter 715, p. 1550, of the Laws of 1900, which amends section 51 of chapter 559, p. 347, of the Laws of 1895. In the fourth subdivision of the act of 1900, it is provided

that "a dead body lawfully buried in a lot in such cemetery may be removed therefrom, with the consent of the corporation and a written consent of the owners of such lot, and of the surviving wife, husband, children, if of full age, and parents of the deceased. If the consent of any such person cannot be obtained, or if the corporation refuses its consent, the consent of the county clerk of the county, or of the Supreme Court at a special term held in the district where the cemetery is situated, shall be sufficient." This provision of the fourth subdivision of section 51, is a re-enactment, in so many words, of a similar provision in the act of 1895. The evident purpose of the legislation was to settle a question long mooted as to the right of cemetery corporations to allow disinterments, and of the rights of relatives of deceased persons to cause such disinterments to be made concerning which matters much doubt existed, independently and irrespective of the question of unlawful disinterments which stands upon an entirely different basis. It will be seen by scrutinizing the language of this section that there is nothing contemplated except a general authority. Who may apply or for what reasons or what on application may be regarded as sufficient are matters not referred to or regulated. The statute seems to contemplate that the owner of a lot or plot, with the consent of the cemetery corporation, may remove a dead body from such lot or plot; and it will be observed that in the fifty-first section of the act of 1895, a definition is given of "owner of a lot in a cemetery." That definition does not seem to include these petitioners, but we will assume for the purposes of the case now before us that they have authority under the act in question to apply to the court for leave to remove the bodies of their parents, but the grounds upon which the court should proceed remain to be considered; and, as I apprehend them, they are among those upon which courts of equity would heretofore have allowed the disinterment and reburial of human remains. The law throws around the bodies of deceased human beings a protection even in their graves. The right of Christian sepulture includes the right to have one's remains respected in his or her last resting place. Many circumstances arise from time to time necessitating a disturbance of the repose of the dead, but it must be some controlling public reason or superior private right which should induce the court to permit that to be done which from time immemorial has been considered abstractly as a work of desecration.

In the case now before us, there is no sufficient reason shown. The mother and father of these petitioners are buried in the same grave, and there is a stone marking their last resting place. The mother, dying some years after the father, had expressed her wish to be interred with the companion of her life, and her request has been piously complied with by her children. Three of those children resist the present application, and for reasons which commend themselves to the court. The question before us is not one of sentimentality. It is one of leaving the departed to rest in their own selected burial place, as was obviously the desire of the mother; and certainly a court of equity should not lend its aid in a family quarrel of this character in disturbing the repose of the dead.

There is much literature on this subject, none of which is partic-- ularly instructive so far as this case is concerned, and it is sufficient to refer for general information to the opinion of Lewis, J., in Re Donn (Sup.) 14 N. Y. Supp. 189, where the leading cases in this country relating to the matter are considered.

The order appealed from should be reversed, without costs, and the motion denied. All concur, except INGRAHAM, J., who concurs in result.