ANNA YOME, Plaintiff, *v.* JOHN B. GORMAN, as Supervisor of Catholic Cemeteries, Diocese of Brooklyn, and Another, Defendants.

Supreme Court, Kings Special Term, April 14, 1925.

Cemeteries — removal of bodies — temporary injunction to restrain defendants from interfering with plaintiff in removal of bodies of relatives from cemetery — petitioner submitted consents to removal from persons having legal claim to bodies — rule of church forbidding disinterment from consecrated ground for reinterment in unconsecrated ground does not preclude plaintiff's right to determine place of burial.

Plaintiff is entitled to a temporary injunction to restrain the defendants from interfering with the removal of the bodies of her husband, two children, her

mother and brother, from consecrated ground in a Roman Catholic cemetery for reinterment in unconsecrated ground, where plaintiff is in possession of consents to the removal of said bodies from persons having legal claim thereto. The fact that it is the rule of the Roman Catholic church not to permit disinterment from consecrated ground for reinterment in unconsecrated ground does not preclude the plaintiff from determining the place of burial.

MOTION by plaintiff for temporary injunction to restrain defendants from interfering with removal of bodies of plaintiff's husband, two children, mother and brother from Holy Cross Cemetery.

*Henry Waldman,* for the plaintiff.

*Gray & Tomlin* [*Franklin M. Tomlin* of counsel], for the defendants.

CARSWELL, J.:

This is a motion for a temporary injunction to restrain defendants from interfering with the removal by the plaintiff of the bodies of her husband, two children, her mother and brother, now buried in Holy Cross Cemetery, a Roman Catholic place of burial.

The answer herein put in issue the fact as to whether the plaintiff's sister, the only other surviving next of kin of plaintiff's mother and brother, consented to the removal of the bodies of said mother and brother, and also put in issue whether or not the surviving children of plaintiff and her deceased husband consented to the removal of the body of the deceased husband. Plaintiff on this motion presented sworn affidavits or consents of those other persons having any legal right to be heard on the removal of any of these bodies. On this situation defendants consented to have the motion considered as one for judgment on the pleadings, with those consents or affidavits given the same force as against the defendants' denials of the plaintiff's complaint as they would be entitled to if those parties testified on a trial to the same facts, since defendants have nothing affirmative to the contrary. This reduces the matter to a question of law as to whether or not the plaintiff on all the facts set out by the plaintiff and the defendants is entitled to have these several bodies disinterred.

The defendants insist that since the deceased, for instance, the husband of the plaintiff, was buried under circumstances that entitled him to be buried in consecrated ground, permitting the plaintiff to remove his body would be an unwarranted violation of his rights as evidenced by the fact of his interment and by the compliance with the prerequisite to such interment, to wit, a public funeral mass for said person. A further ground of objection is that it is a rule of the church not to permit disinterment from consecrated ground for reinterment in unconsecrated ground.

All the cases where defendants' contentions have received judicial sanction are ones where the deceased expressed a wish to be buried

in the place from which disinterment was sought. Where there was silence, that is, no wish expressed, then the courts have held that disinterment may be had by the living person having the legal and equitable right to determine where the deceased may be buried. There is no case which holds that disinterment of the body of a deceased husband may not be had by the widow (next of kin not objecting), where the deceased husband has not affirmatively by will or otherwise indicated that he desired burial in the place from which disinterment is sought. The principle of law that is applicable to this case is stated by McLAUGHLIN, J., in *Cohen* v. *Congregation Shearith Israel* (114 App. Div. 117): " Ecclesiastical law is not a part of the law of this State, nor are equitable rights to be determined by it; on the contrary, when a court of equity exercises its powers, it does so only upon equitable principles, irrespective of ecclesiastical or any other law. As was said in *Matter of Donn* (14 N. Y. Supp. 189): ' When an ecclesiastical body assumes jurisdiction and control over a corpse, its acts are of a temporal and juridical character and not in any sense spiritual; and, under our laws and institutions, when it attempts so to do it is acting outside of its proper jurisdiction and domain.' "

And McLAUGHLIN, J., further states that subscription to a rule that would prevent such removal is not to be inferred from the fact of membership of the deceased in the body having such a rule.

There is nothing in the facts in this case that shows that the deceased affirmatively stated he desired burial in any particular place, except alongside his wife. The best that can be said of the facts advanced by the defendants is that the deceased at no time indicated he did not desire to be buried in a cemetery of the church of which he was at one time a communicant, but this negative showing does not destroy the right of the widow to determine the place of burial. (*Matter of Richardson*, 29 Misc. 367.)

The motion should, therefore, be granted.