ANNA YOME, Respondent, *v.* JOHN B. GORMAN, as Supervisor of
Roman Catholic Cemeteries, Diocese of Brooklyn, and Another,
Appellants.

Second Department, June 5, 1925.

Cemeteries — action to restrain defendants from interfering with plaintiff
in removing bodies of her relatives from Roman Catholic cemetery —
petitioner presented consents of all persons having any legal claim to
bodies — canon or rule of church against removal of bodies from
consecreated to unconsecrated ground does not overcome petitioner's
right — temporary injunction granted.

A temporary injunction should have been granted in this action to restrain the
defendants from interfering with the plaintiff in removing from a Roman
Catholic cemetery the body of her deceased husband, the bodies of her two
children, and the bodies of her mother and of her brother, since it appears that
she has written consents from all persons having a legal claim to the bodies
in question, and since no rule or canon of the Roman Catholic church which
forbids the removal of a body from consecrated ground for reinterment in
unconsecrated ground can bar the petitioner's right to remove the bodies of
her relatives.

APPEAL by the defendants, John B. Gorman and another, from
an order of the Supreme Court, made at the Kings Special Term
and entered in the office of the clerk of the county of Kings on the
16th day of April, 1925, granting a temporary injunction.

*Franklin M. Tomlin,* for the appellants.

*Henry Waldman,* for the respondent.

JAYCOX, J.:

We agree with the views expressed by Mr. Justice CARSWELL in
his opinion filed on the granting of the injunction (125 Misc. 322).
In *Matter of Ackermann* (124 App. Div. 684) this court in the First
Department said, through PATTERSON, P. J.: "The law throws
around the bodies of deceased human beings a protection even in
their graves. The right of Christian sepulture includes the right to
have one's remains respected in his or her last resting place. Many
circumstances arise from time to time necessitating a disturbance of
the repose of the dead, but it must be some controlling public reason
or superior private right which should induce the court to permit
that to be done which from time immemorial has been considered
abstractly as a work of desecration." And the court said that
the question was not one of sentimentality and that it would not
lend its aid in a family quarrel to disturb the repose of the dead.
In the case at bar there is no family quarrel. The petitioner
seeks to remove the bodies of her husband, two children, her

mother and brother from Holy Cross Cemetery to Greenwood, and she presents affidavits or consents of the next of kin and all persons having any legal right to be heard on the removal of the bodies. The defendants, cemetery authorities, contend that the removal of the bodies would be an unwarranted violation of the rights of the deceased persons; that there is a rule of the Church forbidding disinterment from consecrated ground and reinterment in unconsecrated ground, and that the mere fact of the interment, coupled in the case of the deceased husband with religious funeral ceremonies, evidences a desire on the part of decedents to be interred in the consecrated ground. But the uncontradicted facts disclosed in the affidavits and proofs presented by the petitioner negative the claim that any of these deceased persons expressed or indicated any desire to be buried in any particular cemetery, and, indeed, as far as the adults were concerned, indicate that they were not active or conforming members of any Church. The canon or rule of the Church, standing alone, furnishes no answer to the demand of the petitioner. In *Cohen* v. *Congregation Shearith Israel* (114 App. Div. 117), cited by the learned justice at Special Term, the court said through McLAUGHLIN, J. (p. 119): " The cemetery of the defendant is maintained pursuant to the authority of the laws of this State, and in the absence of a regulation adopted by the defendant as to who shall determine the right of removal, such right must be determined, when presented to a court of equity, upon equitable grounds and not by the Jewish law. Ecclesiastical law is not a part of the law of this State, nor are equitable rights to be determined by it; on the contrary, when a court of equity exercises its powers, it does so only upon equitable principles, irrespective of ecclesiastical or any other law. * * * It may be that if an agreement were made with a cemetery association that remains there interred could not thereafter be disinterred, a court of equity would enforce the agreement; or if a religious corporation had a rule, to which a member subscribed, that if his remains were interred in a cemetery controlled by it they could not thereafter be removed, that a court of equity would refuse to exercise its powers to decree removal. But that is not this case. There was no agreement that the remains of Adela would not, after interment, be disinterred. Nor had she subscribed to any rule of the defendant which prevented such removal, unless that fact be inferred from her membership alone, which is insufficient." In England the ecclesiastical authorities exercise supervision and control of the dead bodies of their members interred in their cemeteries to the exclusion of the next of kin, but this principle of the English common law has never been adopted in this country.

(*Matter of Donn*, 14 N. Y. Supp. 189.) The order granting the injunction preventing interference with the petitioner's right to remove the bodies should be affirmed, but as the cemetery authorities are undoubtedly acting in good faith in the performance of what they consider to be their duty to the decedents, the affirmance is without costs.

KELLY, P. J., MANNING, KELBY and KAPPER, JJ., concur.

Order granting temporary injunction affirmed, without costs.