LENA KLAHR and Others, Plaintiffs, *v.* AARON NADEL, President, and Another, Treasurer, of the CHEVRA RUDFE ZEDEK AMSCHE BOLSZAWCE, an Unincorporated Association, and the ELMOVIER CEMETERY ASSOCIATION, INC., Defendants.

Supreme Court, Special Term, New York County, December 24, 1937.

*Reuben Speiser*, for the plaintiffs.

*Samuel Stern*, for the defendants.

SCHMUCK, J.  The problem of exhumation is at all times a vexing and embarrassing one.  It is impossible to escape the natural desire to sympathize with the sentiments and hopes of the bereaved.  At first blush it would seem as if their wish in the matter should control, but, as the question is more carefully and thoroughly investigated, other considerations obtrude.  The interest of the public, the conventions of common decency, the wish of the decedent

expressed in his or her lifetime, and frequently, as we have here, the prohibitions of religious law, require attention. Judicial examination of the problem has resulted in the rule that, unless reasons of substance exist or a rare emergency arises, the repose of the dead should not be disturbed. (*Matter of Donn*, 14 N. Y. Supp. 189.) In discussing this subject the Court of Appeals (*Yome* v. *Gorman*, 242 N. Y. 395, 403) expressed the principle of law in the following language: " Only some rare emergency could move a court of equity to take a body from its grave in consecrated ground. * * * The dead are to rest where they have been laid unless reason of substance is brought forward for disturbing their repose."

The Appellate Division (*Matter of Ackerman*, 124 App. Div. 684, 685) expressed this doctrine: " Many circumstances arise from time to time necessitating a disturbance of the repose of the dead, but it must be some controlling public reason or superior private right which should induce the court to permit that to be done which from time immemorial has been considered abstractly as a work of desecration."

In *Seifer* v. *Schwimmer* (166 Misc. 329) disinterment of the body of a religious and orthodox Jew was considered, and, while the facts there were somewhat different from the ones here involved, the same result must obtain. The evidence fails to show any controlling public reason or superior right to accord the favor of exhumation. Some doubt exists whether such an act would not contravene the desire of the deceased, but no doubt exists that under the circumstances here indicated it would transgress a cardinal principle of orthodox Jewry as conceived by many a scholar and rabbi of the Jewish faith. Although ecclesiastical law cannot control equity, yet it is impossible to set at naught with heedlessness and indifference the traditions and rules of any religion, particularly so long established a creed as that of Jewry. Against the laudable wish of the family to place the body of their sire in a plot of their own, there are arrayed too many valid objections to permit the relief sought by this action.

Judgment for defendant. No costs. Submit findings and judgment accordingly.