In the Matter of SHIRLEY FROMM, Respondent, for an Order Authorizing the Disinterment and Removal of the Body of FRANK FROMM from PLEASANT GROVE CEMETERY, Respondent. EUNICE FROMM, Appellant.— Appeal from an order of Supreme Court, Tompkins County. The court at Special Term

has entered an order authorizing the disinterment of the petitioner's husband from a grave in a cemetery in Ithaca to which his mother has title and its removal to a lot owned by petitioner in a cemetery in Ovid. Petitioner contends that her mental and physical condition at the time of the death of her husband was such that the burial in Ithaca should not be deemed to have been consented to by her. There has arisen between the widow and the mother of the deceased a bitter quarrel characterized by widely spread recriminations. The widow summarizes her own position in one of her own affidavits, however, by a statement that she feels she should own the grave of her husband who " should be buried on a plot owned by herself rather than on plots owned by other parties." Even if petitioner be deemed to have been too much shaken by the sudden death of her husband to have been fully cognizant of funeral arrangements she tried, after some time had elapsed, to purchase from the cemetery title to the plot on which he had been buried and the adjoining plot for her own use. She authorized further inquiry at a still later and unspecified date of a cemetery official whether such lots could be purchased but was advised title was in other members of her husband's family. It seems evident that at the time of the last inquiry concerning the availability of the lots, petitioner was still acquiescing in the place of burial and would have confirmed fully the arrangements made if she had then been able to obtain the title she sought. It is quite uniformly held that a widow has high priority in selecting the place and mode of burial of her husband. It is also the rule, however, that when interment has actually been made, disinterment is usually not allowed unless supported by a strong case. Sometimes the physical condition of the widow may be such that burial supervised by others is not regarded as her consent to the permanent resting place of her husband. (*Matter of Inzero*, 278 App. Div. 945.) But here it is manifest that the place of burial had the approval of the widow some time after it had occurred, if she had been able to obtain title to the plot and to the adjoining plot, and we think the appellant should have the alternative of giving the widow the opportunity of ownership she sought. Some, but not all, of the conditions here to be imposed have been consented to in appellant's brief. Order reversed, on the law and facts, and the petition dismissed, without costs, upon condition that the respondent-appellant make and deliver to the petitioner without expense to her and in proper legal form a deed to the plot in which the decedent is buried and the unoccupied plot adjoining thereto for the use of petitioner; and of the land on which the marker of decedent's grave is erected, if that is not otherwise included in the plot containing his grave; and unless such deed or deeds be executed and delivered within twenty days of the notice of entry of the order herein the order appealed from is affirmed, with $10 costs and disbursements. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part.