In the Matter of the Application of Louise K. Shine for the Removal of the Body of George Kurkjian from Plot No. 53 to Plot No. 41 at the Hillside Cemetery, Division of the Courtlandt Cemetery Association of Peekskill.

Supreme Court, Special Term, Westchester County, May 25, 1955.

*Frederick R. Hersh* for Louise K. Shine, petitioner.

*Salvatore T. Gambino* for George Kurkjian and another, respondents.

EAGER, J.  This is an application for an order authorizing the petitioner to remove the body of her deceased husband from its present grave and to place it in another plot in the same cemetery.  The body of the deceased now rests in a plot purchased by him as a family plot for use by himself, wife and certain of his cousins who were very close and dear to him. Two of the latter are also now laid to rest in this plot.  The petitioner has remarried and seeks to remove the body to a plot purchased by her and her present husband.  She says it is their desire to have removed to this plot the body of the decedent and the body of one " Mrs. William Shine " (apparently the former wife of petitioner's present husband), " so that they all may find their final resting place together."

The court has concluded that the application should be and is denied.  The rule is that, " when interment has actually been made, disinterment is usually not allowed unless supported by

a strong case." (*Matter of Fromm,* 280 App. Div. 1022, 1023.) "The dead are to rest where they have been laid unless reason of substance is brought forward for disturbing their repose". (*Yome* v. *Gorman,* 242 N. Y. 395, 403.) And in *Matter of Ackermann* (124 App. Div. 684, 685) the court aptly stated: "Many circumstances arise from time to time necessitating the disturbance of the repose of the dead, but it must be some controlling public reason or superior private right which should induce the court to permit that to be done which from time immemorial has been considered abstractly as a work of desecration."

The body involved here rests in the plot selected by the decedent. Its present resting place with the bodies of members of his family was to his liking. It is doubtful that he would have been agreeable to having his body removed to rest alongside of the body of the second husband of his widow. Under the circumstances, her wishes in the matter are not sufficient to move the court to grant her petition.

Submit order on notice.