D. Ormonde Ritchie, J.
Petitioner, pursuant to section 89 of the Membership Corporations Law, applies for an order permitting disinterment and reburial of the remains of her deceased husband. The surviving children of the deceased, both of whom are adults, consent that the relief prayed for in the petition be granted.
The deceased is presently interred in a grave in a plot owned by decedent’s sister. Reburial is sought in a plot in the same cemetery, which plot petitioner has contracted to purchase and which is intended to receive the remains of the decedent and petitioner in adjacent graves. The application is opposed by the decedent’s sister, it being stated by her that she has no objection to the burial of petitioner in a grave adjoining that of the decedent in the plot owned by her (the sister). Petitioner, replying to the offer made by the objectant, expresses a fear that her grave may not be accorded the honor deserving of a last resting place because of differences that have arisen between petitioner and objectant.
Where judicial sanction is sought to disturb the quiet of the grave there must be considered the wishes of the deceased, to *144 which he may have given expression during his lifetime, his religious convictions, the sanctity of sepulture, under whose direction the choice of situs of burial was made and the desires and motives of those of close kin prompting a change in location. In the instant application, the petitioner asserts, and it is not controverted in the answer, that it was the expressed wish of the deceased, made during his lifetime, that the final resting places of the deceased and the petitioner be side by side. It further appears that it is not the intention to remove the remains from hallowed to unhallowed ground since reburial is to be effected within the same cemetery as the present interment. In addition, while the present situs of burial was consented to by petitioner, such consent was given at a time of mental and physical suffering of petitioner and upon a reliance that petitioner’s grave would be next to that of her deceased husband and so constitute their final resting places. Her confidence as to that desired disposition of their remains seems to have been so disturbed as to cause a distressing concern as to its peaceful eventuality. A consent given under such circumstances and predicated upon those reliances does not constitute such a consent as would bar the relief sought (Matter of Inzero, 278 App. Div. 945). Nor are the motives of those seeking and approving the permission sought in this application challenged.
The application is granted to the extent of permitting disinterment and reburial in the same cemetery and approving removal of the monument and footstone erected at the grave of the deceased, all expenses of which are to be borne by petitioner. The petitioner is directed to secure a bond with corporate surety in the amount of $250 to insure restoration of the present plot of interment and to insure against damage to other plots in the vicinity.