John J. Walsh, J.
The petitioner is the wife of George B. Frost who died October 15, 1963 without leaving any children as survivors. Upon Mr. Frost’s death, the petitioner made all funeral arrangements, and paid all the expenses in connection therewith.
Prior to interment, the respondents inquired of petitioner as to the burial plot and petitioner informed respondents that she desired to have her husband interred in the Frost family plot in St. Paul’s Cemetery where decedent is presently resting.
Subsequent to the interment of decedent, the petitioner on or about October 30, 1963 purchased a burial lot in the same cemetery. One of the respondents, James Frost, is apparently the President of St. Paul’s Church Cemetery Association.
The respondents object to this application on the ground that the decedent on several occasions expressed the wish that he be buried near his brother and his parents and the respondents further consent that petitioner have a plot adjacent to her late husband in the cemetery plot owned by the family.
This application is governed by section 89 of the Membership Corporations Law, which reads:
‘' A body interred in a lot in a cemetery owned or operated by a corporation incorporated by or under a general or special law may be removed therefrom, with the consent of the corporation, and the written consent of the owners of the lot, and of the surviving wife, husband, children, if of full age, and parents of the deceased. If the consent of any .such person or of the corporation can not be obtained permission by the county court of the county, or by the supreme court in the district, where the cemetery is situated, shall be sufficient. Notice of application for such permission must be given, at least eight days prior thereto, personally, or, at least sixteen days prior thereto, by mail, to the corporation or to the persons not consenting, and to every other person or corporation on whom service of notice may be required by the court.”
“ The quiet of the grave, the repose of the dead, are not lightly to be disturbed. Good and substantial reasons must be shown before disinterment is to be sanctioned. (See Yome v. Gorman, 242 N. Y. 395, 403; Matter of Ackermann, 124 App. Div. 684, 685.) While the disposition of each case is dependent upon its own peculiar facts and circumstances and while no all-inclusive rule is possible, the courts, exercising a ' benevolent discretion ’, will be sensitive ‘ to all those promptings and emotions that men and women hold for sacred in the disposition of their dead ’. (Yome v. Gorman, supra, 242 N. Y., at p. 402.) ” (Matter of Currier [Woodlawn Cemetery], 300 N. Y. 162, 164.)
*591 “ ‘ The person having charge of the remains holds them as a sacred trust for the benefit of all who may, from family ties or friendship, have an interest in them; in case of a contention the court should assume an equitable jurisdiction over the subject, somewhat in analogy to the care and custody of infants, and make such a disposition as should seem to be best and right under all the circumstances. ’ ” (Matter of Bauer, 36 Misc. 33, affd. 68 App. Div. 212.)
Where judicial sanction is sought to disturb the quiet of the grave, there must be considered (a) The deceased’s wishes to which deceased may have given expression during his lifetime, (b) The religious convictions of the deceased, (c) By whose direction the choice of situs of burial was made, (d) The desires and motives of those of close kin, especially of a spouse prompting a change in location, (e) The sanctity of sepulture. (Matter of Currier [Woodlawn Cemetery], supra; Matter of Teitman v. Elmwier Cemetery Assn., 3 Misc 2d 143; Yome v. Gorman, 242 N. Y. 395, supra.)
While the wish of a wife is not always supreme and final, particularly where the body has been laid at rest (Yome v. Gorman, supra, p. 402), it is quite uniformly held that a widow has high priority in selecting the place and mode of burial of her husband (Matter of Fromm [Fromm], 280 App. Div. 1022, 1023).
The case most closely analogous to the one at bar is Matter of Fromm (Pleasant Grove Cemetery) (280 App. Div. 1022), wherein the appellate court reversed an order granted by a Special Term authorizing the disinterment of a dead husband from a cemetery in Ithaca and reinterment in a cemetery lot owned by the petitioner wife in Ovid.
In that case which has a great many similar factors to the one at bar, the appellate court determined that a consideration of all of the facts required that the body not be moved to another cemetery on condition that the plot in which the decedent is buried and the unoccupied plot adjoining thereto for the use of the petitioner be deeded to her (280 App. Div. 1022, 1023).
In Matter of Costa (St. John’s Church) (83 N. Y. S. 2d 65, affd. 274 App. Div. 872) a widow applied for the disinterment of her husband’s body. The deceased had been buried without objection on the part of the widow and with her tacit consent. The Appellate Division affirmed an order of the lower court denying the widow’s application on condition that the owner of the plot ‘' make and deliver to the petitioner such deed or agreement * * * to insure to the petitioner the right of burial next to her husband * * * and giving to petitioner *592 the right to erect and maintain a joint monument or headstone at the head of the two graves with such inscription thereon as she may dictate.”
The respondents in their reply affidavit allege in the Tenth paragraph that, “ Deponents, as well as the remaining members of the family have heretofore expressed and are presently agreeable to petitioner having a plot adjacent to her late husband in the, cemetery plot owned by the family ”.
The petitioner’s brief states that the offer is unacceptable because petitioner has now ‘' purchased a four-grave lot for purposes of having burial rights for her two children, as well as had installed on the stone the epitaph so placed that it would not be reusable in the peculiar and particular location of the vacant lot left in the Frost family plot.”
The problem presented to this court is to be decided upon equitable grounds with due regard to the quiet of the grave and repose of the dead. The natural ties of kinship between the deceased and the blood relatives and the marriage ties between the deceased and petitioner should be considered without regard to the ties to petitioner’s children who are not issues of the marriage between petitioner and the decedent.
The application will be denied upon condition that within three months of the entry of this order the respondents make and deliver to the petitioner such deed or agreement insuring petitioner’s right of burial next to her husband in the lot adjoining her said deceased husband without expense to her and in proper legal form, and also giving to petitioner the right to erect and maintain a joint monument or headstone at the head of the two graves with such inscription thereon as petitioner may wish.
If such conditions are not met within such time, then the application will be granted, without costs, and without any expense to the respondents and the said plot shall be restored to its original condition before interment.