Domenick L. Gabrielli, J.
Shortly before her death, the widow of Fred D. Hubbard, deceased, executed her last will and testament in which she directed her executrix to take the necessary steps to have the remains of her husband removed from St. Joseph’s Cemetery in Auburn, New York, and have them reinterred in the cemetery where she was to be buried, St. Mary’s Cemetery in Syracuse, New York.
In furtherance of the direction contained in the will, the petitioner executrix made application to the respondent for such removal. The respondent has refused its consent. The motion papers indicate that all the known relatives of the deceased (Fred D. Hubbard) have consented to and requested the application be granted.
This court is mindful of the rule that each case of this nature is dependent upon its own peculiar facts and circumstances, and, while no general standards may be set for all such cases, the courts should be sensitive to emotions and promptings of those who are left behind. Here, as in Yome v. Gorman (242 N. Y. 395, 403), the request was made by one who had a longing *316 that “ those united during life * * * not be divided after death ”.
If the deceased had been a member of a faith which forbade disinterment, or, if he had agreed with the respondent that there should have been no exhumation, or, if he had been buried in hallowed ground and there were a request to be reinterred in unconsecrated ground, then only compelling considerations would justify removal. (Matter of Currier [Woodlawn Cemetery], 300 N. Y. 162; Yome v. Gorman, supra; Cohen v. Congregation Shearith Israel, 114 App. Div. 117, affd. 189 N. Y. 528.)
Here, however, none of these considerations is present. The only objector is the cemetery association.
In the exercise of discretion and pursuant to the provisions of section 89 of the Membership Corporations Law, the application is granted. Submit order which shall provide for an undertaking to be filed by the petitioner to cover all costs and damages in the performance of the removal.