Daniel G. Albert, J.
This is an application by a widow for an order authorizing the removal and disinterment of the body of her husband, at her expense, from the grave in which it is presently interred in Calvary Cemetery to another grave in that cemetery, title to which is in the name of the decedent. The application is opposed by the decedent’s brother, the executor of his estate, who holds title to the grave in which the decedent was buried.
The petitioner does not claim that the decedent’s burial in the plot owned by his brother was accomplished against her will or without her consent. She contends, however, that her consent was based upon her brother-in-law’s representation at the time of her husband’s death in March, 1967, that he would convey title to the plot to her for $200, which he has so far failed to do. The petitioner also states that she was unaware at the time of decedent’s burial that he held title to another plot in Calvary Cemetery.
In opposition to the application, the decedent’s brother states that it is his intention to transfer title to the plot wherein decedent is buried to petitioner as soon as he has arranged for a suitable monument. He argues that it is necessary for him to retain proof of title in order to have such a monument erected. He also points out that the grave to which petitioner seeks to remove the decedent’s remains was purchased by the decedent for the repose of the body of a distant cousin who died in 1943. and bears a monument to that cousin’s memory.
Determination of a proceeding such as this is a difficult and delicate matter, involving as it does the sanctity of sepulture and the desires of those of close kin to the deceased, who are often motivated, consciously or unconsciously, by the bitter and passionate emotions incident to intra-familial disputes,
*603 The statutory law governing these matters is found in section 89 of the Membership Corporations Law, which permits removal and reinterment with the consent of the cemetery corporation, and the written consent of the owners of the burial plot and of the surviving spouse, the parents of the deceased, and the children, if of full age. Absent the consent of any such person or of the corporation, an order of the court is required, and the prior decisions on this subject indicate to us that the disposition of each case is dependent upon its own peculiar facts and circumstances and that the court is to exercise a “ benevolent discretion”, sensitive “to all those promptings and emotions that men and women hold for sacred in the disposition of their dead ”. (Yome v. Gorman, 242 N. Y. 395, 402; Matter of Currier [Woodlawn Cemetery], 300 N. Y. 162, 164). The repose of the dead is not to be disturbed except for good and substantial reasons. A widow has high priority in selecting the place and manner of her deceased spouse’s burial (Matter of Fromm v. Fromm, 280 App. Div. 1022, 1023), but the widow’s desire is not always determinative, particularly where the body has already been laid to rest (Yome v. Gorman, supra).
Here, it is evident that the petitioner seeks permission for disinterment so that she may be assured that upon her death, her body will be interred in the same grave as her husband’s. Such relief can be afforded petitioner without the necessity of granting her petition and permitting disinterment. Following the reasoning of analogous eases (Matter of Fromm v. Fromm, supra, Matter of Costa v. St. John’s Church, 83 N. Y. S. 2d 65, affd. 274 App. Div. 872; Matter of Frost v. St. Paul’s Cemetery Assn., 44 Misc 2d 589), the petition will be denied on condition that the owner of the plot in which decedent is presently interred make and deliver to the petitioner, without expense to her and in proper form, a deed to that plot within 30 days after entry of the order herein. If such condition is not complied with within said period, the application will be granted without costs.