J. Irwim Shapiro, J.
Motion by the petitioner for an order “ 1. Permitting Nettie Peruso to arrange for the disinterrment [sic] of the remains of Concetta Rutella, deceased, and to open the casket of said deceased, to permit thereby for the placing *916 of a certain set of .blessed prayer beads in said casket, and for a further order: 2. Directing the proper official of the Department of Health of the City of New York, in and for the County of Queens, .to issue its permit to disinterr [sic] the remains of the said Concetta Rutella, deceased, and to open the casket of the said deceased; and for a further order: 3. Directing Second Calvary & Allied Cemeteries to disinterr the remains of said Concetta Rutella, deceased, and to open or permit to be opened the casket of said deceased, for the placing of a certain set of blessed prayer beads in said casket and thereafter to re-seal said casket and re-interr the remains of said Concetta Rutella ”.
This application is made on notice to the Board of Health of the City of New York and to the trustees of St. Patrick’s Cathedral in the City of New York, a New York corporation that owns and operates Calvary Cemetery in Queens County, New York.
The remains of the decedent were interred on December 19, 1968 and it appears that it was the last wish of the decedent that upon her death and interment a special set of prayer beads, blessed by and which she had received from His Holiness, the Pope of the Roman Catholic Church, be placed with her remains in her casket at her resting place.
It further appears that the daughter of the deceased forgot to place the aforesaid prayer beads on the hands of the decedent and consequently the decedent was interred without the prayer beads which she so religiously cherished.
In cases such as this, the court should exercise a benevolent discretion (Matter of Fromm, 280 App. Div. 1022) and in Yome v. Gorman (242 N. Y. 395, 403) the Court of Appeals said that 1 ‘ Even without contract, sentiments and usages, devoutly held as sacred, may not be flouted for caprice. They must be weighed in the balance with the motives and feelings that sway the acts of the survivors ”.
While the repose of the dead should not lightly be disturbed, where there is a controlling public reason or a superior private right, the court should not hesitate to permit a disinterment. The reason given here appeals to the discretion of the court and therefore the application is granted with the following provisions:
1. That a representative of the Board of Health bo authorized to be present at the time and place of the proposed disinterment.
2. That the disinterment be conditioned upon payment to the trustees of St. Patrick’s Cathedral of its charges for disinterment and reinterment and that such charges be paid at least five days prior to the time set for disinterment.
*917 3. That the opening of the grave site and casket of the decedent be supervised by a duly licensed New York State funeral director and that he be designated as the one to place the aforesaid ‘‘ prayer beads ” in the decedent’s casket.
4. That forthwith upon the placing of the ‘ ‘ prayer beads ’ ’ in decedent’s casket, said casket be properly closed and the body of said decedent reinterred in the aforesaid grave site.