In the Matter of HERMAN DICKSTEIN, Petitioner. FIRST STRUSSOWER SICK AND SUPPORT ASSOCIATION, Respondent.

Supreme Court, Special Term, Queens County, January 18, 1947.

*Allen E. Pusar* for petitioner.

*Joseph Steckler* and *Louis Steckler* for respondent.

FROESSEL, J. This is an application by the only surviving child of Samuel and Adele Dickstein, under section 89 of the Membership Corporations Law, for an order permitting the removal of their remains from a plot of the respondent First Strussower Sick and Support Association, sued herein as First Trusower Sick Society, located in Montefiore Cemetery which is owned by the Springfield, Long Island, Cemetery Society. It is proposed to reinter the remains of petitioner's parents in a family plot located in the same cemetery which the petitioner acquired recently.

The Springfield, Long Island, Cemetery Society has consented in writing to the disinterment here sought and the reinterment in the family plot; the only opposition is by the association. This opposition is upon the ground that disinterment is prohibited by the tenets of the Hebrew faith and that, according to the Hospitaler of the said association, petitioner's father some few days prior to his passing on March 5, 1939, took him by the hand and asked him " as his lifelong friend to see to it that he would receive an Orthodox Hebrew burial " and that he should arrange " that the place adjoining his grave should be reserved for his wife, Adele, for her burial when she should die." This was done and a reservation of an adjoining plot, for which a premium was paid, was arranged for his wife, the petitioner's mother. About a year after the father died, a tombstone was placed over the grave and the adjoining plot which was to receive the body of his wife when she died. This was a double one and contained a blank space whereon the age and date of death of the wife were to be inscribed. She died on November 23, 1945, and was buried beside her husband.

It would serve no useful purpose to review again the attitude of our courts in connection with applications of this character. (See *Raisler* v. *Krakauer Simon Schreiber Congregation,* 47 N. Y. S. 2d 938, where the relevant authorities have been

collated.) The instant case is in most respects similar to *Matter of Schechter* (*Erste Uscieczher Sick & Ben. Soc.*) (261 App. Div. 926). There an application for disinterment was initiated by the husband to disinter the body of his wife, for reinterment in an after-acquired family burial plot in the same cemetery. All the surviving children of the decedent had given their express consent to this removal, and the only objector was the society which owned the burial rights in the plot in Mount Hebron Cemetery in which the decedent had been buried. After the death of said decedent on November 12, 1929, but before burial, her petitioning husband purchased an adjoining grave and thereafter, about a year later, he erected a double tombstone for his deceased wife and himself. The application for disinterment was made some eleven years after the death of his wife. The opposition was based upon religious grounds. The Special Term denied the application, but its determination was reversed by our Appellate Division.

Under all the circumstances, I am of the opinion that the petitioner is entitled to the relief he seeks, and accordingly his application is granted upon filing a bond in the sum of $250 to protect the respondent association from any damage or liability involved in the disinterment.

Settle order on notice.