In the Matter of the Petition of SOPHIE SLIFMAN for the Removal of the Remains of SAMUEL SLIFMAN, Deceased.

Supreme Court, Special Term, Queens County, May 5, 1950.

*Alvin Lipetz* for Sophie Slifman, petitioner.

*Louis Friedman* for Polotzker Workingmen's Benevolent Association, respondent.

PETTE, J.   Petitioner makes this application for disinterment of her husband's body, buried at Mount Carmel Cemetery, in a grave which is part of a plot owned by Polotzker Workingmen's Benevolent Association, of which the deceased was a member.

The petitioner is the widow of the deceased, and in the petition, in which she is joined by her three sons, alleges that the deceased, as well as the petitioner, always cherished a common and mutual desire to be buried in a plot of ground where the entire family might be interred upon their demise, so that in death, as in life, the entire family might be together.   Prompted by this mutual desire, the petitioner and her three sons purchased a family plot in the New Montefiore Cemetery at Pinelawn, New York, and requested permission for the disinterment, but consent was refused by the association.   It would serve no useful purpose to repeat the respective contentions of the parties herein, and there is an earnest and sincere difference of opinion.

In the past, the right of disinterment has given rise to many and diverse decisions.   Originally, in England, the disposition of a body of a decedent was a matter of ecclesiastical jurisdiction.   In this country, however, the English ecclesiastical law was never accepted, and the right to a decedent's body and its disposition have become matters cognizable in equity without being subject to ecclesiastical or sacerdotal authority.   (*Matter of Beekman St.,* 4 Bradf. 503; *Cohen* v. *Congregation Shearith Israel,* 114 App. Div. 117, affd. 189 N. Y. 528.)

Upon the record before this court, one may draw conflicting inferences of duty and propriety.   As stated in the case of *Yome* v. *Gorman* (242 N. Y. 395, 402) in an opinion written by the late Judge CARDOZO, '' A benevolent discretion, giving heed to all those promptings and emotions that men and women hold for sacred in the disposition of their dead, must render judgment

as it appraises the worth of the competing forces  \*  \*  \*. To the making of that appraisal, many factors will contribute. One may not fix their values in advance, for in so doing one would overlook the varying force of circumstance."

In several recent decisions of the Appellate Division, Second Department (*Matter of Schechter,* 261 App. Div. 926; *Matter of Bobrowsky,* 266 App. Div. 849), the court's discretion was exercised in favor of disinterment and removal to a subsequently acquired private family plot where the petition was made " to satisfy a longing that those united during life shall not be divided after death ". (*Yome* v. *Gorman, supra,* p. 403.)

Under all of the circumstances, the petition is granted. Submit order.