Benjamin Brenner, J.
Petitioners, the husband and two of the children of the decedent, are applying under section 89 of the Membership Corporations Law for an order allowing the disinterment of the decedent’s remains from a plot of the respondent, Congregation Chevra Torah Anshei Radishkowitz, hereinafter referred to as Congregation, which plot is located in Washington Cemetery, to a private family plot owned by the petitioners in the Knollwood Park Cemetery. The remaining children of.the decedent have consented in writing to such removal.
Decedent died in February of this year and was interred in one of two graves owned by the petitioner husband in the plot of the Congregation. Later, in March, the petitioners bought a six-grave family plot at Knollwood. They assert, and it is uncontroverted, that this was in accordance with the wishes of the decedent who had expressed her intention and desire that she be buried together with her children and husband in one family plot. The latter plainly desire such common burial place, and in September they requested that the Congregation allow them to remove decedent’s body. The request was denied. The respondent cemetery does not oppose this motion and has indicated that if the Congregation would consent they would have no objection.
The respondent Congregation alone opposes removal of the body and urges that to do so would be contrary to the religious tenets of the decedent and the Congregation, of Avhich she was a member, especially as it is proposed to reinter in a plot where none of the graves is as yet occupied.
Matters of this kind must be decided on equitable principles and not on ecclesiastical or sacerdotal authority. (Cohen v. Congregation Shearith Israel, 114 App. Div. 117, affd. 189 N. Y. 528; Matter of Slifman, 198 Misc. 373.) But the customs and usages of the religious body which confers the right of burial, while subordinate in importance, may not be wholly disregarded. They must be considered together with the wishes of the deceased and the motives and feelings that sway the acts of the petitioners. (Yome v. Gorman, 242 N. Y. 395.) The particular custom and usage here involved is one on which even rabbinical authorities disagree. (Raisler v. Krakauer Simon Schreiber Congregation, 47 N. Y. S. 2d 938; Matter of Plancher, 37 N. Y. S. 2d 87.) Some of these authorities hold that where the burial was originally intended to be temporary in nature, or where the body is to be removed to Israel or because of sanitary conditions disinterment is permissible. Other authorities hold that disinterment and removal to a family plot is permissible *827 even where the plot has not yet been brought into use. (Matter of Katz, 167 Misc. 301.)
In the light of this conflict of rabbinical authority, particularly where religious custom and usage is not uniform and settled, the court cannot set itself up as an ecclesiastical arbiter; nor is the court qualified to decide which of the views is correct for the qualifications of a judge do not include rabbinical competence. Moreover, in circumstances such as these the courts of our State have consistently held that the desires and motivations of the decedent and the surviving relatives will outweigh flexible religious custom and usage. (Matter of Bobrowsky, 266 App. Div. 849; Matter of Schechter, 261 App. Div. 926; Matter of Sherman, 107 N. Y. S. 2d 905, affd. 279 App. Div. 872, motion for reargument and leave to appeal denied 279 App. Div. 919, affd. 304 N. Y. 745; Matter of Rosenwasser, 120 N. Y. S. 2d 287; Matter of Slifman, 198 Misc. 373, supra; Matter of Dickstein [First Strussower Sick and Support Assn.], 188 Misc. 642; Silver v. Mt. Hebron Cemetery, 64 N. Y. S. 2d 274; Matter of Plancher, 37 N. Y. S. 2d 87, supra.)
It should be observed that where the courts have denied disinterment special circumstances not present here were established justifying it. (Matter of Harlam, 57 N. Y. S. 2d 103 [disinterment from consecrated ground in order to cremate].) In the proceeding at bar the expressed wish of the deceased and the petitioners to be together in death as in life, and the laudable motivation of the petitioners, which is to bring that wish to fruition, far outweigh considerations of disputed and doubtful custom and usage.
The application is granted to the extent of permitting disinterment and reburial in the family plot purchased by the petitioners, all expenses of which are to be borne by petitioners. The petitioners are directed to secure a bond with a corporate surety in the amount of $250 to insure restoration of the present plot of interment and to insure against damage to other plots in the vicinity.
Settle order on notice.