In the Matter of the Application of HOWARD COHEN, Respondent, for the Removal of the Body of ADELA COHEN, Deceased.

CONGREGATION SHEARITH ISRAEL IN THE CITY OF NEW YORK, Appellant.

*Statutory right of the relatives of a decedent to remove the latter's body from a cemetery.*

Section 51 of the Membership Corporations Law (Laws of 1895, chap. 559, as amd. by Laws of 1900, chap. 715), authorizing the removal of a body from a cemetery upon the consent of the Supreme Court, in the event of the petitioner therefor being unable to obtain the consent of the cemetery authorities, of the lot owners and of the decedent's relatives, does not apply to cemeteries belonging to religious or municipal corporations.

The operation of section 4 of chapter 727 of the Laws of 1869 (added by chapter 543 of the Laws of 1898), which is applicable to cemeteries belonging to religious corporations and provides, "The widow shall have the right of interment, for her own body in such lot, or in a tomb in such lot, and a right to have her body remain permanently interred or entombed therein, except that her body may be removed therefrom to some other family lot or tomb with the consent of her heirs," is restricted to lots which have been set apart to particular families or individuals, and does not entitle the children of a woman who was buried in a cemetery owned by a religious corporation in the portion thereof set apart for persons who did not own a family lot, to exhume the body and reinter it beside the remains of her husband in a family lot subsequently purchased by them in another cemetery.

APPEAL by the Congregation Shearith Israel in the City of New York from an order of the Supreme Court, made at the Kings County Special Term, bearing date the 14th day of March, 1902, and

entered in the office of the clerk of the county of Kings, granting leave to the petitioner to disinter the remains of his deceased mother, Adela Cohen, from the grave in which they then reposed in the cemetery of the Congregation Shearith Israel, to the end that such remains might be reinterred in the family plot of the petitioner in Mount Neboh Cemetery.

*Edgar J. Nathan,* for the appellant.

*Victor E. Whitlock,* for the respondent.

WOODWARD, J.:

The appellant is a religious corporation in the city of New York owning a cemetery at Cypress Hills in Queens county. On March 2, 1890, the body of Adela Cohen, the mother of Howard Cohen, the petitioner in this proceeding, was buried in such cemetery at the instance of her husband, Daniel S. Cohen, who was at that time a seatholder in the Congregation Shearith Israel. The burial was not in a family plot, but in a regular row of graves provided for the interment of the remains of such persons as did not own a family plot in the cemetery; and next to the grave of Mrs. Cohen was reserved a space for an additional grave in which the remains of her husband might subsequently be interred.

The husband died on April 3, 1901, having, during his lifetime, frequently expressed to his children his desire that all of them might be buried in one plot alongside the graves of their father and mother. To carry out this wish, the children, including the petitioner, have acquired a lot in another cemetery, to which they now desire to remove the remains of their deceased mother. Upon application to the Congregation Shearith Israel for permission to do so, such permission was refused; whereupon this proceeding was instituted by petition and has resulted in the making of an order by the Supreme Court authorizing the desired removal and directing the Congregation Shearith Israel to allow it to be made. From that order the present appeal is taken.

Two statutes are cited as conferring authority upon the court to make the order under review. The first is the Membership Corporations Law (Laws of 1895, chap. 559, as amd. by Laws of 1900, chap. 715). In section 51 of this law provision is made for the

removal of a body from a cemetery on consent of the corporation and of the owners of the lot and of the relatives of the decedent. If the consent of any such person cannot be obtained, or if the corporation refuses its consent, the consent of the Supreme Court is declared to be sufficient, and a method of procedure is provided for obtaining such consent upon notice of motion. It is plain, however, that the present proceeding cannot be maintained under this statute; for it is expressly provided in section 40 that article 3, in which section 51 is contained, does not apply to cemeteries belonging to religious or municipal corporations.

The other statute relied upon is chapter 543 of the Laws of 1898, which is entitled : " An act to amend chapter seven hundred and twenty-seven of the laws of eighteen hundred and sixty-nine, entitled ' An act authorizing cities and villages to acquire title to property for burial purposes and to levy taxes for the payment of the same,' as amended by chapter seven hundred and sixty of the laws of eighteen hundred and seventy, in relation to the rights of lot holders." This act of 1898 amends the prior statute, to which reference is made in the title, by adding thereto two new sections, numbered 4 and 5. Section 4 provides that lots in such cemeteries shall be held indivisible, and upon the decease of the proprietor of such lot the title thereto shall descend to his heirs at law or devisees, subject, however, to certain limitations and conditions. The only one of these limitations and conditions pertinent here is the following: " The widow shall have the right of interment, for her own body in such lot, or in a tomb in such lot and a right to have her body remain permanently interred or entombed therein, except that her body may be removed therefrom to some other family lot or tomb with the consent of her heirs."

Section 5, added by the act of 1898, makes the provisions of the amended law applicable not only to cemetery corporations organized by cities and villages, but also to those within the purview of article 3 of the Membership Corporations Law, and " to cemeteries belonging to religious corporations."

It is contended that the effect of this legislation of 1898, providing that the body of the widow may be removed from a lot in a cemetery to some other family lot or tomb, with the consent of her heirs, authorizes the affirmative action on the part of the heirs of

Adela Cohen in the present proceeding, and gives them the right to remove her body to a family lot in another cemetery. I am inclined to think that this position would be correct if section 4, added by the act of 1898, applied generally to any interment in a cemetery. Its operation, however, appears to be restricted to lots in cemeteries which have been set apart to particular families and individuals, and it does not seem to relate to single interments in undivided portions of the cemetery provided for the occupation of individual graves. The side title of the section, as printed in the Session Laws, is "Lot owners' rights," and the right given to the widow is to have her body remain permanently interred or entombed in a *lot*, and the right given to her heirs is to remove her body to some *other family lot* or tomb. No provision is made for a case of individual interment in a general part of the cemetery, such as is presented in this proceeding.

If the Supreme Court possesses authority upon petition and motion to order a cemetery corporation to permit the disinterment of a body buried within its grounds, such authority must be found in some statutory enactment. I am unable to find it in either of the laws relied upon by the petitioner. It seems to me, therefore, that the Special Term was without power to make the order appealed from, and that on this ground it is our duty to reverse it. In thus deciding, I do not express any opinion upon the question whether, under the general law of the State, as to the right to control the disposition of dead bodies, the petitioner might not be able to obtain relief in an equitable action instituted for that purpose.

All concurred.

Order reversed and motion denied, without costs.