## In re OWENS.

(Supreme Court, Appellate Division, Third Department. January 23, 1903.)

1. CEMETERIES—REMOVAL OF BODIES—AUTHORITY OF COURT.
   Membership Corporation Law, art. 1, § 2, defines the term "membership corporation" as including corporations incorporated under the chapter, or previously incorporated under any laws repealed by the chapter, but as excluding a membership corporation created by special law. Article 3, § 40, referring to cemetery corporations, defines such corporation to be any corporation previously created for cemetery purposes

under a law repealed by the chapter or hereafter created under that article; and section 51 authorizes the removal of bodies from a cemetery owned by a cemetery corporation, as defined by that act. *Held*, that such statute conferred no authority on the court to authorize the removal of a body from a cemetery controlled by a corporation created by special law not repealed by the membership corporation law.

Appeal from special term, Albany county.

Application by Margaret Owens for leave to remove the body of Ruth Owens, deceased, from the Albany Rural Cemetery. From an order granting the petition, the cemetery appeals. Reversed.

Ruth Owens was buried in the Albany Rural Cemetery at the instance of her father, Richard L. Owens, who, before his death, was the owner of a lot in said cemetery. His wife, Margaret Owens, was a Roman Catholic. Richard L. Owens died in June, 1902, and, having become a Roman Catholic just prior to his death, was buried in St. Agnes Cemetery. His widow, and the mother of Ruth Owens, presented a petition to the court to require the said Albany Cemetery Association to consent to the removal of the body of the said Ruth Owens from the Albany Rural Cemetery to the St. Agnes Cemetery, in which her father was buried.

Argued before PARKER, P. J., and SMITH, KELLOGG, and CHASE, JJ.

William L. Learned, for appellant.
William J. T. Hogan, for respondent.

SMITH, J. The facts presented in the petition fully justified the order made if the court had jurisdiction to make the same. I am unable to find any statute authorizing this application. In Re Cohen (Sup.) 78 N. Y. Supp. 417, the appellate division of the Second department seems to have held that the special term was without power to make such an order unless it was authorized to make the same by some special statutory enactment. In that case an order made by the special term authorizing the removal of a body from a cemetery was reversed as unauthorized by any statute. Justice Woodward, writing for the court, says: "I do not express any opinion upon the question whether, under the general law of the state as to the right to control the disposition of dead bodies, the petitioner might not be able to obtain relief in an equitable action instituted for that purpose."

The petitioner in her brief in this court bases her right upon chapter 559 of the Laws of 1895, as amended by chapter 715 of the Laws of 1900. This is one of the General Laws, known as the "Membership Corporation Law," and, if applicable to the defendant association, justifies the order made. By section 2 of article 1 of said law it is provided: "The term membership corporation means a corporation hereafter incorporated under this chapter, or heretofore incorporated under any law repealed by this chapter, but does not include a membership corporation created by special law." Section 40, under article 3, referring specifically to cemetery corporations, defines a cemetery corporation as "any corporation heretofore created for cemetery purposes under a law repealed by this chapter, or hereafter created under this article." Section 51 of the membership corporation law, which is the section under which this application was made, clearly refers to a removal of a body from a cemetery owned by a cemetery corporation

as defined by the act itself. But the Albany Cemetery Association, which is made the respondent to this application, and which is here the appellant, was organized under special law, to wit, chapter 115 of the Laws of 1841, as amended by chapter 445 of the Laws of 1851. This law was not repealed by the membership corporation law, and hence this respondent is not a corporation to which section 51 of the membership corporation law is made applicable. I am unable to see, therefore, how it can be claimed that authority for this application can rest upon this statute, and no other statute is called to our attention which can support this application. The order should therefore be reversed.

Order reversed without costs, and motion denied without costs. All concur.