In the Matter of the Application of MARGARET OWENS, Respondent, for Leave to Remove the Body of RUTH OWENS, Deceased. ALBANY CEMETERY ASSOCIATION, Appellant.

*Cemetery association created by special act — removal of dead bodies from — the authority of the Supreme Court to direct it is statutory only.*

The Supreme Court, upon motion, has not jurisdiction to direct the removal of a dead body from a cemetery in the absence of statutory authority therefor.

Section 51 of the Membership Corporations Law (Laws of 1895, chap. 559, as amd. by Laws of 1900, chap. 715), authorizing the removal of a body from a cemetery, applies only to cemetery corporations as defined by section 40 of the act, to wit, "any corporation heretofore created for cemetery purposes under a law repealed by this chapter or hereafter created under this article;" it does not apply to a cemetery corporation incorporated prior to the enactment of the Membership Corporations Law under a special act, which was not repealed by the Membership Corporations Law.

APPEAL by the Albany Cemetery Association from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 2d day of July, 1902, authorizing the removal of the body of Ruth Owens, deceased, from the Albany Rural Cemetery.

Ruth Owens was buried in the Albany Rural Cemetery at the instance of her father, Richard L. Owens, who, before his death, was the owner of a lot in said cemetery. His wife, Margaret Owens, was a Roman Catholic. Richard L. Owens died in June, 1902, and, having become a Roman Catholic just prior to his death, was buried in St. Agnes Cemetery. His widow, the mother of Ruth Owens, presented a petition to the court to require the said Albany Cemetery Association to consent to the removal of the body of the said Ruth Owens from the Albany Rural Cemetery to the St. Agnes Cemetery, in which her father was buried. The court below granted the prayer of the petitioner, and from the order entered upon this decision defendant has appealed.

*William L. Learned*, for the appellant.

*William J. T. Hogan*, for the respondent.

SMITH, J.:

The facts presented in the petition fully justified the order made if the court had jurisdiction to make the same. I am unable to find any statute authorizing this application. In *Matter of Cohen* (76 App. Div. 401; 78 N. Y. Supp. 417) the Appellate Division of the second department seems to have held that the Special Term was without power to make such an order unless it was authorized to make the same by some special statutory enactment. In that case an order made by the Special Term authorizing the removal of a body from a cemetery was reversed as unauthorized by any statute. Justice WOODWARD, writing for the court, says: " I do not express any opinion upon the question whether under the general law of the State as to the right to control the disposition of dead bodies, the petitioner might not be able to obtain relief in an equitable action instituted for that purpose."

The petitioner in her brief in this court bases her right upon chapter 559 of the Laws of 1895, as amended by chapter 715 of

the Laws of 1900. This is one of the General Laws, known as the Membership Corporations Law, and if applicable to the defendant association, justifies the order made. By section 2 of said law it is provided: "The term membership corporation means a corporation hereafter incorporated under this chapter, or heretofore incorporated under any law repealed by this chapter, but does not include a membership corporation created by special law." Section 40, under article 3, referring specifically to cemetery corporations, defines a cemetery corporation as "any corporation heretofore created for cemetery purposes under a law repealed by this chapter, or hereafter created under this article." Section 51 of the Membership Corporations Law (as amd. by Laws of 1900, chap. 715), which is the section under which this application was made, clearly refers to a removal of a body from a cemetery owned by a cemetery corporation as defined by the act itself. But the Albany Cemetery Association, which is made the respondent to this application, and which is here the appellant, was organized under special law, to wit, chapter 115 of the Laws of 1841, as amended by chapter 445 of the Laws of 1851. This law was not repealed by the Membership Corporations Law, and hence this respondent is not a corporation to which section 51 of the Membership Corporations Law is made applicable. I am unable to see, therefore, how it can be claimed that authority for this application can rest upon this statute, and no other statute is called to our attention which can support this application. The order should, therefore, be reversed.

All concurred.

Order reversed, without costs, and motion denied, without costs.