### COHEN et al. v. CONGREGATION SHEARITH ISRAEL.

(Supreme Court, Appellate Division, Second Department. June 12, 1903.)

1. VENUE—DISINTERMENT OF DEAD BODY—ACTION AFFECTING REAL ESTATE.
   An action to permit the disinterment of a body buried in the portion of a cemetery set apart for the interment of persons not having a family plot in the cemetery does not affect a right or interest in real estate, within Code Civ. Proc. § 982, providing that every action affecting a right or interest in real estate must be tried in the county where the same or a portion thereof is situate.

Appeal from Special Term, Kings County.

Action by Howard Cohen and others against the Congregation Shearith Israel in the city of New York. From an order granting defendant's motion for a change of venue, plaintiffs appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HIRSCHBERG, JENKS, and HOOKER, JJ.

Victor E. Whitlock, for appellants.
Raymond Rubenstein, for respondent.

JENKS, J. The plaintiffs appeal from an order changing the venue. The appellants do not gainsay the residence which was the ground for the order, but insist that the action is local within the purview of section 982 of the Code of Civil Procedure. The plaintiffs, the children of Adela and Daniel S. Cohen, deceased, complain that the defendant, a Hebrew congregation, refuse to permit them to disinter the body of their mother, now buried in its cemetery; and show that the resistance is based upon the defendant's construction of Jewish law and the rules and regulations of the association. The plaintiffs seek to disinter the body to fulfill the dying request of their father that he should be laid beside his wife, and that their children should be buried beside them. They plead that this cannot be done in the cemetery of the defendant; that they have purchased a burial lot in another cemetery, where they have interred the body of their father, where they seek to reinter the body of their mother; and where, too, the children, in the course of time, may be buried. The proposition of the appellants is that they claim that they are entitled to a right to disinterment of their mother's body, and, as such right is an easement or a license, it is, therefore, a right in the spot of land wherein the body is laid, and hence that the judgment must affect a right or interest in real property, within the said section of the Code. This is not the theory of the plaintiffs' action. Avowedly, their claim is based upon the intimation of this court when the same subject-matter was presented in another form. 76 App. Div.

401, 78 N. Y. Supp. 417. Mr. Justice Woodward said: "In thus deciding I do not express any opinion upon the question whether, under the general law of the state as to the right to control the disposition of dead bodies, the petitioner might not be able to obtain relief in an equitable action instituted for that purpose." The plaintiffs do not base their claim upon any property right in the cemetery, or in any part thereof, and they plead that the body was buried in a "portion thereof known as the regular row of burial places set apart for the interment of remains of such members or seat holders as may not have a family plot in said cemetery, and that the said deceased was buried in said cemetery by reason of her husband being at the time of her death a seat holder in the defendant congregation." All the plaintiffs ask is possession of the remains, and the disinterment is sought because it is necessary to open the earth in order to take that possession. If the defendant would bring the coffin to its gates, and deliver it to the plaintiffs, the plaintiffs would thereby gain all that they now seek to bring about. The right to take the remains from the place of deposit no more necessarily involves a title or a right of estate in the earth wherein they are laid than would a right of replevin depend upon a property right to the place wherein the goods were kept. It is not necessary, it is not proper, to determine the law or to decide the merits upon this appeal. Under the common law the heir had no property right in the body of his ancestor, though he possessed rights in monuments and escutcheons. Blackstone, Com., vol. 2, 429; Regina v. Sharpe, 7 Cox, Cr. Cas. 214. In Sharpe's Case, supra, the defendant sought to do by force what the plaintiffs would do by judgment, and the conviction was affirmed. But the more modern and the current judgment of many courts recognize a "quasi property" right in the body of the dead in the nature of a "sacred trust" that a court of equity will sometimes recognize in order to afford control of the body to the next of kin. This is an equitable recognition of the natural sentiment, affection, or reverence which exists for the mortal remains of those we have "loved long since and lost a while." In re Widening of Beekman Street, 4 Bradf. Sur. 503, 532, note; Johnston v. Marinus, 18 Abb. N. C. 72; Pierce v. Proprietors of Swan Point Cemetery, 10 R. I. 227, 14 Am. Rep. 667; Griffith v. Railroad Company, 23 S. C. 25, 41, 55 Am. Rep. 1; Wynkoop v. Wynkoop, 42 Pa. 293, 82 Am. Dec. 506; Foley v. Phelps, 1 App. Div. 551, 37 N. Y. Supp. 471; Snyder v. Snyder, 60 How. Prac. 368; Larson v. Chase, 47 Minn. 307, 50 N. W. 238, 14 L. R. A. 85, 28 Am. St. Rep. 370; Fox v. Gordon, 11 Wkly. Notes Cas. 302. In the report of Ruggles, referee, confirmed in all respects (In re Widening of Beekman Street, 4 Bradf. Sur. 532), the learned referee, inter alia, concluded that the right to protect the remains includes the right to preserve them by separate burial, to select the place of sepulture, and to change it at pleasure. See, too, Weld v. Walker, 130 Mass. 422, 39 Am. Rep. 465. I think that the learned Special Term (Maddox, J., presiding) is right, and that the order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.