In the Matter of the Application of HENRY BLEISTIFT, Respondent, for an Order Consenting to the Removal of the Body of ABRAHAM BLEISTIFT from Mount Judah Cemetery.

NEW LOTS TALMUD TORAH SOCIETY, INC., Appellant.

Second Department, October 22, 1920.

Religious corporations — cemetery maintained by religious corporation — consent of corporation necessary to removal of body — enforcement of rights of family of deceased.

A religious corporation, organized to teach the Hebrew religion, which also maintains a cemetery with burial lots for its members, does not come within section 71 of the Membership Corporations Law so as to authorize the court to consent to the removal of a body buried in such cemetery, where the corporation refuses to consent thereto. It is only in the instance of a membership corporation that the court's consent can be substituted for that of the corporation.

This determination, however, is without prejudice to a suit in equity or otherwise for the enforcement of the rights of the family of the deceased.

APPEAL by the New Lots Talmud Torah Society, Inc., from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 24th day of May, 1920, consenting

to the removal of Abraham Bleistift's body from a burial lot of the appellant in the Mount Judah Cemetery.

The order was made under the provisions of section 71, subdivision 4, of the Membership Corporations Law.

The New Lots Talmud Torah Society is a corporation which maintains a free school for religious instruction, as well as provides cemetery burial lots for its members.

*Joseph J. Schwartz*, for the appellant.

*Otho S. Bowling*, for the respondent.

PUTNAM, J.:

The primary question here is whether appellant comes within section 71 of the Membership Corporations Law. It appears to be formed to teach the Hebrew religion, especially its ancient law (Torah), and is organized as a religious corporation. It is only in the instance of a membership corporation that the court's consent can be substituted for that of the corporation, so as to authorize such disinterment and removal of a body lawfully buried in a cemetery. (*Matter of Cohen*, 76 App. Div. 401; *Matter of Owens*, 79 id. 236; *Matter of Berezoff*, 166 id. 903.)

We are constrained, therefore, to hold that the order should be reversed, with ten dollars costs and disbursements, and the petition denied, without costs.

This determination, however, is without prejudice to a suit in equity or otherwise for the enforcement of the rights of the family of the deceased either as to a deed of the lot, or in regard to the removal of the body therefrom. (*Cohen v. Congregation Shearith Israel*, 114 App. Div. 117; affd., 189 N. Y. 528.)

JENKS, P. J., MILLS, RICH and KELLY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and petition denied, without costs; same to be without prejudice to petitioner's remedy by a suit in equity or otherwise.