234 A.2d 678.

EARL DEXTER ABORN *vs.* WARWICK INDUSTRIAL PARK *et al.*

NOVEMBER 7, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. The narrow question presented by this appeal is whether this action of trespass for mental anguish is local or transitory.

The action was commenced in the superior court for the county of Providence by writ dated October 8, 1964. The declaration alleges in substance that plaintiff's next of kin were interred "* * * on a certain burial ground situated in the City of Warwick, Rhode Island * * *" which is described by metes and bounds in the declaration; that sometime during the year 1958 defendant[1] entered upon and within said close, excavated therein and disturbed the remains of plaintiff's deceased ancestors; and that by reason thereof plaintiff seeks punitive damages.

The defendants filed pleas in abatement to the writ and declaration on the ground of improper venue, based on G. L. 1956, §§9-4-2 and 9-4-6, alleging in substance that it appeared from the declaration that this was an action at law concerning the realty and in effect was an action for breaking and entering the close of plaintiff; that the declaration alleged that said realty and close were situated in the city of Warwick, which is located in the county of Kent; and that being an action involving and concerning realty under §9-4-2 this action must be brought in the county where the land lies. The defendants prayed that the action be quashed and abated pursuant to the provisions of §9-4-6 for improper venue.

Section 9-4-2 reads as follows:

"Venue of actions involving realty.—All actions at law and suits in equity which concern the realty, or

---

[1]Plaintiff brought this action under G. L. 1956, §9-2-1, and joined defendants on the ground that he was in doubt as to which of the defendants was liable. He alleges in the declaration that the word "defendant" shall be construed to mean the responsible defendant. Section 9-2-1 was repealed effective January 10, 1966, by P. L. 1965, chap. 55, sec. 9. Such joinder is now governed by rule 20(a) of the rules of civil procedure of the superior court.

any right, easement, or interest therein, or the possession thereof, all actions of trespass for breaking and entering the close of any plaintiff, and all actions in which the title to real estate may be tried and determined, shall, if brought in the superior court, be brought in the court for the county, and if brought in the district court, in the district where the land lies, and whenever the land, whether consisting of an entire tract or of two or more separate tracts, lies partly in two or more counties or districts, such actions, if brought in the superior court, may be brought in such court for any county, or if brought in a district court, in any district where such land or any portion thereof lies."

Section 9-4-6 reads as follows:

"Abatement for improper venue.—All actions and suits brought contrary to the provisions of §9-4-2 shall be abated, and any contrary to §§9-4-3 to 9-4-5, inclusive, may be abated."

On January 22, 1965, after a hearing thereon, a justice of the superior court filed a written decision sustaining the pleas in abatement on the ground that the action concerned the realty and that therefore §9-4-2 was applicable. The case is before us on plaintiff's appeal from that decision. In our opinion there is merit in plaintiff's appeal.

This action is one to recover damages for plaintiff's mental anguish resulting from an alleged violation of the sanctity of the remains of his ancestors committed in the city of Warwick, in the county of Kent. Although the alleged desecration happened in Warwick, the basis of this action is injury to plaintiff's feelings and sensibilities. Involving, as it does, an alleged injury to the person, the action is transitory, regardless of the locus where the alleged desecration occurred. This action does not concern the realty, or any right, easement, or interest therein, or the possession thereof; nor is it an action for breaking and entering the close of plaintiff or an action in which the title to real estate may be tried and determined. Compare *Cohen* v. *Con-*

*gregation Shearith Israel,* 82 N.Y.S. 918, 85 App. Div. 65, which held that the right to remove the remains of a deceased person from his place of interment is not a matter involving realty and consequently any action to enforce this right is transitory rather than local. (connecting case at 114 App. Div. 117, 99 N.Y.S. 732, aff'd 189 N.Y. 528) See also *Meek* v. *State,* 205 Ind. 102, 106, 185 N.E. 899, 901.

The basis of the plaintiff's action as alleged in his declaration, is that he suffered mental anguish by reason of the fact that the defendant disturbed the remains of the plaintiff's deceased ancestors; we cannot perceive that it makes any difference where the burial lot was located.

The plaintiff's exception is sustained; the decision appealed from is reversed; and the case is remitted to the superior court for further proceedings.

*Aram K. Berberian,* for plaintiff.

*Timothy J. McCarthy, Anthony Vacca,* for defendants.