OPINION OF THE COURT
Frederic E. Hammer, J.
This application by order to showr cause of Rabeni Mendel Hager Zablotower K. U. V., as petitioner, is for leave to disinter the body of Bessie Hoffenberg from grave No. 31 in Mt. Zion Cemetery, Maspeth, Queens County, and to transfer said body to grave No. 50 in said cemetery.
Petitioner’s application, inter alia, alleges that Bessie Hoffenberg did purchase grave No. 50 and Lena Hoffenberg did *78 purchase grave No. 31 in Mt. Zion Cemetery. Bessie Hoffenberg departed this life and was interred by error in grave No. 31. The husband of Lena Hoffenberg had died and was buried in a plot adjoining grave No. 31. The error in the interment of Bessie Hoffenberg in the grave next to that of the husband of Lena Hoffenberg was made by the petitioning association which had issued a permit for her burial in grave No. 31 instead of grave No. 50. It is now the request of the association to remove the remains of Bessie Hoffenberg from grave No. 31 in order to place them in grave No. 50.
Subdivision (e) of section 1510 of the Not-For-Profit Corporation Law states: "Removals. A body interred in a lot in a cemetery owned or operated by a corporation incorporated by or under a general or special law may be removed therefrom, with the consent of the corporation, and the written consent of the owners of the lot, and of the surviving wife, husband, children, if of full age, and parents of the deceased. If the consent of any such person or of the corporation can not be obtained, permission by the county court of the county, or by the supreme court in the district, where the cemetery is situated, shall be sufficient.” (Emphasis supplied.)
In allowing the removal of the remains of a decedent, the courts have taken into consideration: good and substantial reasons (Matter of Currier [Woodlawn Cemetery], 300 NY 162; Matter of Van Gross, 56 Misc 2d 275); the feeling of the next of kin as survivors (Matter of Sherman, 107 NYS2d 905, affd 279 App Div 872, affd 304 NY 745); the request and consent of all of decedent’s next of kin (Matter of Herskovits, 183 Misc 411).
Though exhumation of a body once permanently buried is abhorrent to custom and sentiment, only "circumstances of extreme exigency” (Grinnan v Fredericksburg Lodge, 118 Va 588) and no light reasons (Conney v English, 86 Misc 292) will suffice to justify disinterment.
The daughters of the decedent resist said application because of their intense sentiment and the traditional laws and customs of the Jewish religion. They feel that since the mistake was made by the petitioner association, to be rectified it should be corrected without disturbing the remains of their mother.
Ecclesiastical law, while not part of the law of the State of New York, requires that the right to inter and disinter be determined upon equitable grounds. The court should exercise *79 a "benevolent discretion”, sensitive to "all those promptings and emotions that men and women hold sacred in the disposition of their dead” (Yome v Gorman, 242 NY 395, 402; Matter of Currier [Woodlawn Cemetery], 300 NY 162, 164, supra), particularly "that those united during lifetime shall not be divided after death” (Yome v Gorman, supra, p 403).
In Matter of Fromm (280 App Div 1022) the court stated, "It is also the rule, however, that when interment has actually been made, disinterment is usually not allowed unless supported by a strong case.”
Thus, good and substantial reasons must first be shown before disinterment will be allowed.
"Equity will treat the subject-matter, as to collateral consequences and incidents, in the same manner as if the final acts contemplated by the parties had been executed exactly as they ought to have been; not as the parties might have executed them. (Rankin v. Rankin, 36 Ill 293, 87 Am. Dec. 205.)” (Black’s Law Dictionary [4th ed], p 635.)
"A benevolent discretion, giving heed to all those promptings and emotions that men and women hold sacred in the disposition of their dead, must render judgment as it appraises the worth of the competing forces.” (Yome v Gorman, supra, p 402.)
Thus, upon the credible facts the petitioning association has the duty and responsibility to resolve this situation. Accordingly, the petition is denied.