DAVID ORLIN, Appellant, v LEE TORF et al., Respondents.

Third Department, April 2, 1987

APPEARANCES OF COUNSEL

*McNamee, Lochner, Titus & Williams, P. C. (David J. Wukitsch* of counsel), for appellant.

*Long & Boyajian (Donald W. Boyajian* of counsel), for Robert Levine and another, respondents.

## OPINION OF THE COURT

MAIN, J. P.

Bernard and Jennie Greenberg were buried in 1941 and 1958, respectively, in a cemetery maintained in the City of Albany by the Independent Benevolent Society (Society), of which Bernard Greenberg had been a member. In 1985, for reasons best known to themselves, defendants Lee Torf and Evelyn Berinstein, the Greenbergs' surviving children, together with defendant Hyman Torf, arranged with defendants Robert Levine and Levine Memorial Chapel, Inc. (Levine Memorial) to disinter the Greenbergs' remains and move them from the Society's cemetery to a cemetery in Massachusetts. Plaintiff, a grandson of the Greenbergs, commenced this action for a declaration that the disinterment was procured by fraud and in violation of the law and for an order to have the Greenbergs' remains returned to the Society's cemetery. Berinstein and the Torfs moved to dismiss for lack of personal jurisdiction, and that motion was granted. The propriety of that order is not before us. Levine and Levine Memorial moved to dismiss for failure to state a cause of action, and their motion also was granted. Supreme Court found that defendants complied with the requirements of Not-For-Profit Corporation Law § 1510 (e) and that even if Levine made fraudulent representations to the Society to gain its consent to the disinterment, as alleged by plaintiff, those statements do not relate to plaintiff and create no basis for liability.

We are constrained to agree with Supreme Court that the complaint does not state a cause of action. Plaintiff's claim of fraud is based on his allegation that the Society required the approval of two rabbis before it could consent to disinterment and that Levine misrepresented this approval to the Society. In support of their motion to dismiss, however, Levine and Levine Memorial submitted the affidavit of the Society's president which stated that the Society did not rely on any representations made by Levine, but itself consulted a rabbi before consenting to disinterment. Although we are generally required to accept the allegations set forth in the complaint as true when considering a motion to dismiss for failure to state a cause of action (see, Becker v Schwartz, 46 NY2d 401, 408), when a movant submits affidavits which discredit facts on which the complaint relies the complaint nevertheless may be subject to a motion to dismiss for failure to state a cause of action (see, Siegel, Practice Commentaries, McKinney's Cons

Laws of NY, Book 7B, CPLR C3211:25, at 31; *cf., Guggenheimer v Ginzburg,* 43 NY2d 268, 275). Here, the Society's affidavit effectively discredited plaintiff's allegation that the Society relied on Levine's misrepresentation. Under these circumstances, Supreme Court could properly dismiss plaintiff's claim based on fraud.

Even if plaintiff's allegation of fraud was not discredited we note that plaintiff is not a proper party to allege fraud. Any representation that Levine made concerning rabbinical approval was made to the Society, not plaintiff, and plaintiff has not alleged that he relied on the representations in any way *(see,* 24 NY Jur, Fraud and Deceit, § 199, at 276 [1962]).

With regard to plaintiff's claim that defendants did not comply with the requirements of Not-For-Profit Corporation Law § 1510 (e), we note that the statute requires the consent of the cemetery corporation, the lot owners, and the surviving wife, husband, children and parents of the deceased *(see, Matter of Conroy,* — AD2d — [decided herewith]). While the Society's consent would not have been obtained if the consent was fraudulently induced, we have already noted that plaintiff's allegation that the consent was fraudulently obtained has been discredited. Furthermore, plaintiff has not alleged that any of the other parties required to consent have not consented. Plaintiff, a grandson of the Greenbergs, is not a person required to give his consent within the meaning of the statute. Finally, since all the required consents were obtained, no court approval of the disinterment was required.

Although plaintiff apparently recognizes the operation of Not-For-Profit Corporation Law § 1510 (e), it is his position that even if all the required consents are obtained, judicial scrutiny nevertheless should be available to review the propriety of disinterment. He contends that none of the parties consenting to disinterment have respected the Greenbergs' intentions concerning their final resting place, which is of paramount concern to courts in determining whether disinterment should occur *(see, Yome v Gorman,* 242 NY 395, 402-403). This sentiment has previously been expressed; in *Matter of Currier (Woodlawn Cemetery)* (300 NY 162), Judge Conway noted in dissent that: "it would be error to read [the statute] as indicating intent upon the part of our Legislature to permit the disinterment of a body for good reason or poor reason *merely because* the consent of the cemetery corporation and the written consent of the owners of the lot and of the relatives enumerated in that section had been obtained" *(su-*

*pra,* at 166-167; emphasis in original). Indeed, if plaintiff's allegations are accepted as true, it is apparent that the Greenbergs intended to be laid to rest in the Society's cemetery and that, for whatever reasons, those intentions have been ignored. Nevertheless, the language of Not-For-Profit Corporation Law § 1510 (e) is clear: disinterment will be permitted so long as the required consents are obtained and court approval is necessary only when the required consents have not been obtained. Since the required consents were obtained in this case, we see no place for court approval of the disinterment.

Finally, we find without merit plaintiff's claim of a common-law cause of action for wrongful disinterment. In light of the existence of Not-For-Profit Corporation Law § 1510 (e) and the fact that Supreme Court is without jurisdiction to order a disinterment in the absence of specific statutory authority *(see, Matter of Owens,* 79 App Div 236), it is apparent that this claimed common-law cause of action does not exist at this time in this State.

CASEY, MIKOLL and HARVEY, JJ., concur.

Order affirmed, without costs.