■ In the Matter of the Estate of WILLIAM CONROY, Deceased. BERNICE M. CONROY, Respondent; RUTH A. HYNES, Appellant.—Main, J. Appeal from that part of an order of the Supreme Court (Conway, J.), entered October 29, 1986 in Albany County, which denied respondent's motion to vacate a prior order permitting the disinterment of decedent's body.

In 1984, decedent left petitioner, his wife of over 35 years, and moved in with respondent. At the time of his death from lung cancer in 1986, he was still living with respondent; although divorce proceedings had been commenced, decedent and petitioner were not divorced. Further, although decedent apparently contemplated writing a new will, he failed to do so and petitioner remained his executrix and principal beneficiary. After decedent died, respondent made all the funeral arrangements, including burial in Riverside Cemetery in the Town of Coxsackie, Greene County; however, she did not inform any member of decedent's family of his death. The family learned of his death through a newspaper death notice appearing after the burial had occurred.

At issue in this matter is whether petitioner is entitled to have decedent's body disinterred and moved to another cemetery. Supreme Court issued an ex parte order permitting disinterment and an autopsy. Upon respondent's motion to vacate the ex parte order, the court stayed enforcement of that order until a decision on respondent's motion could be made. Although Supreme Court later vacated that part of the order permitting an autopsy, it affirmed its grant of permission for disinterment, finding that the wishes of decedent's family took precedence over those of a friend.

In our opinion, Supreme Court should have dismissed this proceeding. As respondent notes, the statute cited by petitioner in making her request for disinterment, Public Health Law § 4213, has no relevance whatsoever to disinterment of bodies. Instead, that statute refers to the claiming of a body, not yet buried, by a friend or relative. Accordingly, Supreme Court could not properly order disinterment under this statute.

We might be inclined to disregard this procedural difficulty had petitioner in fact complied with the statutory requirements for disinterment. However, those requirements have

not been met here. The provisions for disinterment of a body applicable to this case are found in Not-For-Profit Corporation Law § 1510 (e), which states: "A body interred in a lot in a cemetery owned or operated by a corporation incorporated by or under a general or special law may be removed therefrom, with the consent of the corporation, and the written consent of the owners of the lot, and of the surviving wife, husband, children, if of full age, and parents of the deceased. If the consent of any such person or the corporation can not be obtained, permission by the county court of the county, or by the supreme court in the district, where the cemetery is situated, shall be sufficient. Notice of application for such permission must be given, at least eight days prior thereto, personally, or, at least sixteen days prior thereto, by mail, to the corporation or to the persons not consenting, and to every other person or corporation on whom service of notice may be required by the court." Under this statute, therefore, there is no need for court approval of a disinterment if all required consents are obtained (see, Orlin v Torf, 126 AD2d 252; but see, Matter of Currier [Woodlawn Cemetery], 300 NY 162, 167 [Conway, J., dissenting]). If all the required consents are not obtained, however, disinterment will be permitted only upon court approval (see, Matter of Evergreen Cemetery Assn. v Jurgensen, 34 AD2d 709, 710).

In this case, the record does not reveal that all the required consents were even sought, let alone obtained. Only the consents of petitioner, three of her five children and decedent's mother have been obtained. There is no record as to whether petitioner sought the consent of the cemetery corporation, the lot owner and the remaining two children. If in fact these parties did not consent, there is no record that the notice statutorily required to be given to them concerning a court proceeding was given to them. Since this proceeding was not commenced pursuant to the proper statute and since petitioner has not complied with the requirements of that statute, it was error for Supreme Court to grant permission for disinterment.

Order modified, on the law, without costs, by reversing so much thereof as permitted the exhumation of the body of William Conroy; motion granted in its entirety and ex parte order vacated; and, as so modified, affirmed. Mahoney, P. J., Kane, Main, Weiss and Levine, JJ., concur.