In the Matter of the Estate of WILLIAM CONROY, Deceased. BERNICE M. CONROY, Respondent; RUTH A. HYNES, Appellant.

Third Department, June 30, 1988

## APPEARANCES OF COUNSEL

*Feit & Schlenker (Arthur J. Siegel* of counsel), for appellant.

*Dwyer & Dwyer (Paul F. Dwyer, Jr.,* of counsel), for respondent.

## OPINION OF THE COURT

Casey, J.

At issue on this appeal is whether Supreme Court abused its discretion by granting petitioner's application pursuant to N-PCL 1510 (e), seeking to disinter decedent's body, without holding a hearing on the issue of decedent's wishes concerning his burial. We hold that, in the circumstances of this case, it was an abuse of discretion to grant the application without a hearing.

Initially, we note that this matter was before this court on a prior occasion when we held that petitioner, decedent's wife, had not complied with the relevant statutory provisions for seeking disinterment *(Matter of Conroy,* 129 AD2d 849). Also, after more than 30 years of marriage, decedent and petitioner were involved in a less than amicable divorce action which had not been completed at the time of decedent's death. There is also evidence that decedent's relationship with other family members had deteriorated during the divorce action.

Petitioner contends that inasmuch as all members of decedent's family want to have his body removed from the Riverside Cemetery in the Town of Coxsackie, Greene County, where it was buried without their knowledge or consent, Supreme Court did not err in summarily granting her application over the objections of respondent, decedent's "short-time

girlfriend". Respondent, on the other hand, argues that the funeral and burial arrangements which she made following decedent's death were those expressly requested by decedent after he learned that he was terminally ill. Respondent contends that decedent made his request in statements to her and that decedent also expressed these wishes to respondent's father and decedent's attorney. Petitioner counters by arguing that the wishes of decedent's family members must take precedence over these claims in the absence of a contract entered into by decedent specifying the place for his burial and in the absence of any evidence that decedent was a member of a faith which forbade disinterment. Petitioner also argues that the proof offered by respondent concerning alleged statements made by decedent would be inadmissible under the Dead Man's Statute (CPLR 4519) and that respondent lacks standing in this proceeding.

We first reject petitioner's standing argument. As the owner of the cemetery lot in which decedent's body is buried, respondent plainly had standing under N-PCL 1510 (e). In addition, as discussed below, the wishes of decedent himself are a factor to be considered whenever a court is asked to sanction disinterment; thus, respondent would have standing to represent those wishes since petitioner was unable to secure all of the consents needed to obtain disinterment without court approval (cf., Orlin v Torf, 126 AD2d 252, lv denied 70 NY2d 605 [where all necessary consents were obtained by the party seeking disinterment]).

Next, we reject petitioner's claim that since all family members want decedent's body to be disinterred, the application must be granted in the absence of decedent's contractual arrangement or religious belief to the contrary. The principles upon which petitioner relies as support for this claim are contained in the following paragraph from the Court of Appeals decision in Matter of Currier (Woodlawn Cemetery) (300 NY 162, 164): "The quiet of the grave, the repose of the dead, are not lightly to be disturbed. Good and substantial reasons must be shown before disinterment is to be sanctioned * * * While the disposition of each case is dependent upon its own peculiar facts and circumstances and while no all-inclusive rule is possible, the courts, exercising a 'benevolent discretion', will be sensitive 'to all those promptings and emotions that men and women hold for sacred in the disposition of their dead' * * * And looming large among the factors to be weighed are the wishes of the decedent himself. If the deceased

had been a member of a faith which forbade disinterment, if he had agreed with the cemetery corporation that there should be no exhumation whatsoever, if he had elected to be laid in hallowed earth and the request was for reburial in unconsecrated ground, then only compelling considerations would justify disinterment and removal" (emphasis supplied). Petitioner's argument is based upon the assumption that the last sentence of the quoted paragraph contains an exclusive listing of those circumstances where an application for disinterment, to which no family member objects, should be denied. In our view, however, the list is illustrative only, and even in the absence of those circumstances, the wishes of decedent himself loom large among the factors to be weighed.

■ Lastly, we reject petitioner's claim that the Dead Man's Statute renders inadmissible respondent's proof of statements made by decedent prior to his death. In our view, CPLR 4519 is not applicable to this proceeding. Petitioner's application for court approval to remove decedent's body from the Riverside Cemetery is technically a "civil judicial proceeding" (CPLR 105 [d]), which "shall be prosecuted in the form of an action, except where prosecution in the form of a special proceeding is authorized" (CPLR 103 [b]). Assuming that N-PCL 1510 (e) authorizes prosecution as a special proceeding, it is apparent that many of the formal requirements of the CPLR have been dispensed with. Thus, while CPLR 402 requires that there be a notice of petition and petition, N-PCL 1510 (e) requires only an "application". CPLR 403 (b) requires service of both the notice of petition and petition on any adverse party, while N-PCL 1510 (e) requires only that notice of the application be given to certain persons. Also, while CPLR 403 (c) requires service "in the same manner as a summons in an action", N-PCL 1510 (e) provides that notice of the application may be given by ordinary mail. It is also significant that this proceeding does not involve a claim by or against decedent's estate; nor is any property right or pecuniary interest involved herein. Rather, the only issue is whether there exist "[g]ood and substantial reasons" for the court to exercise its " 'benevolent discretion' " to permit petitioner to disturb "[t]he quiet of [decedent's] grave" *(Matter of Currier [Woodlawn Cemetery], supra,* at 164). Since decedent's wishes are an important factor to be considered by the court *(supra),* it would be counterproductive to exclude evidence of those wishes. For all of these reasons, the formal evidentiary rule embodied in CPLR 4519 is inapplicable. In any event, were we

to find the Dead Man's Statute applicable and operative as a bar to respondent's testimony as to conversations with decedent, the statute would not bar the testimony of respondent's father *(see, Bechard v Eisinger,* 105 AD2d 939) or decedent's attorney *(see, Matter of Levinsky,* 23 AD2d 25, 30, *lv denied* 16 NY2d 484).

Accordingly, the order should be reversed and the matter remitted for a prompt hearing in accordance with this decision.

MAHONEY, P. J., WEISS, LEVINE and MERCURE, JJ., concur.

Order reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision.