OPINION OF THE COURT
Angelo Graci, J.
This is an application pursuant to Not-For-Profit Corporation Law § 1510 (e) by the petitioners Fannie Schieren and Anne Glasser, the sole surviving sisters and next of kin of the decedent, Hyman Elman, for permission to disinter said brother’s remains from a plot in Mt. Judah Cemetery for the purpose of reinterment in a newly purchased family plot in the same cemetery.
*657 It appears that Hyman Elman died on April 13, 1991 and was buried in Mt. Judah Cemetery, block 2, grave 47 of the HVCC Independent Nemirover Society. He was survived by his wife, Lillian Elman, who subsequently died on May 26, 1991, and is buried in a different cemetery from that of her husband, namely, Montefiore, pursuant to her wishes. The Elmans had no issue from their marriage, either natural or adopted.
It is undisputed that there are no closer surviving heirs to the decedent Hyman Elman than the petitioners herein. According to their affidavit, the decedent Hyman Elman had many times during his lifetime expressed his intention to be buried in a family plot together with his sisters in Mt. Judah Cemetery, where their parents are buried. It appears that although they often talked about purchasing plots together, not being faced with immediate illness, they postponed their purchase.
Subsequent to the demise of decedent Hyman Elman, the petitioners purchased six grave sites in Mt. Judah Cemetery, Society of Congregation Shaare Tefilla Anschei Kobriner and Unterstizung, Inc. so that there may be a family plot for all of the immediate family.
The petitioners request herein to carry out the expressed wishes of their deceased brother to be buried with his immediate family, and have applied to this court for permission to reinter his remains in accordance with N-PCL 1510 (e).
The respondent Mt. Judah Cemetery does not object to the disinterment nor to the reinterment of the remains of the decedent Hyman Elman, provided that the petitioners comply with the rules and regulations of said cemetery and pay the required charges applicable therefor.
An objection to this application has been raised by respondent Martin Taub, the nephew of decedent’s wife, Lillian Elman, who appears to be the nominated executor of her estate. It is not clear whether Mr. Taub objects to this application in his capacity as a distant relative or as a purported representative of Mrs. Elman’s estate. Nevertheless, he contends that petitioners’ allegations regarding the "expressed wishes” of the decedent Hyman Elman are mere hearsay, and are to be disregarded. It is further contended that there is no provision in N-PCL 1510 (e) for a brother or sister to make this application. Finally, it is argued that this proceeding is jurisdictionally defective since it must be commenced by summons and complaint.
*658 The court rejects these contentions and is inclined to grant petitioners’ application for the following reasons.
It has been noted that many of the formal requirements of the CPLR are not applicable in a proceeding under N-PCL 1510 (e). (See, Matter of Conroy, 138 AD2d 212, 215.) Specifically, said statute does not require the service of a summons and complaint as contended by respondent Taub. On the contrary, N-PCL 1510 (e) requires only an "application”, upon notice which may be given by ordinary mail.
Furthermore, the court is cognizant of the fact that pursuant to N-PCL 1510 (e), a body may be disinterred upon consent of the cemetery corporation, the owners of the lot, and of the surviving wife, husband, children, if of full age, and parents of the deceased, and that the consent of a sibling is not required. Nevertheless, this provision cannot be construed as a numerus clausus, preventing an application for disinterment by other next of kin not included in said statute, such as a brother or sister of the decedent. On the contrary, it has been noted that there is no need for an application to the court if all the required consents of the relatives enumerated in N-PCL 1510 (e) are obtained. (See, Matter of Conroy, 129 AD2d 849, 850; Orlin v Torf 126 AD2d 252.) It is only when the required consents of these enumerated relatives cannot be obtained that an application under this statute becomes necessary. (See, Matter of Evergreen Cemetery Assn. v Jurgensen, 34 AD2d 709, 710.) In the words of said statute: "If the consent of any such person or of the corporation cannot be obtained, permission by the county court of the county, or by the supreme court in the district, where the cemetery is situated, shall be sufficient.” (N-PCL 1510 [e].)
Since the wishes of the decedent himself are a major factor to be considered whenever an application for disinterment is made, the court finds that, under the circumstances herein, where there are no surviving relatives from whom the required consents can be obtained, the petitioners, who are the closest surviving next of kin, have standing to represent the wishes of the decedent. (See, Matter of Conroy, 138 AD2d 212, 214, supra.)
It is also to be noted that the feelings of the petitioners themselves as the sole surviving next of kin of the decedent are also to be taken into consideration in an application of this nature. (See, Matter of Sherman [Mt. Eden Cemetery Assn.] 107 NYS2d 905, affd 279 App Div 872, affd 304 NY *659 745; Matter of Zablotower v Mt. Zion Cemetery, 98 Misc 2d 77, 78.)
Finally the court rejects the contention of respondent Taub that petitioners’ allegations regarding the "expressed wishes” of the decedent Hyman Elman are to be disregarded as mere hearsay. It is well settled that in determining this application the only issue is whether there exist " '[g]ood and substantial reasons’ ” for the court to exercise its " ' "benevolent discretion” ’ ” to permit petitioners to disturb ' "[t]he quiet of [decedent’s] grave’ ”. (See, Matter of Conroy, 138 AD2d 212, 215, supra, citing Matter of Currier [Woodlawn Cemetery], 300 NY 162, 164.) It has been held that since decedent’s wishes are an important factor to be considered by the court, it would be counterproductive to exclude evidence of those wishes, and therefore formal evidentiary objections based on hearsay and the Dead Man’s Statute are inapplicable in this proceeding. (See, Matter of Conroy, 138 AD2d 212, 215, supra.)
In conclusion, the application by the petitioners, as the sole surviving next of kin of decedent Hyman Elman, to remove his remains from an area of the Mt. Judah Cemetery containing the graves of children, infants, and stillborn babies where he is presently buried away from his immediate family, and, in accordance with his expressed wishes, to reinter him in a family plot, must be granted if equity is to be done. Justice Cardozo once noted: "Removal at the instance of a wife or of kinsmen near in blood to satisfy a longing that those united during life shall not be divided after death, may seem praiseworthy and decorous when removal at the instance of distant relatives or strangers would be arbitrary or cruel.” (Yome v Gorman, 242 NY 395, 403.) Under the circumstances herein, to give credence to the arbitrary objections of a distant relative, and not to honor the wishes of the decedent as expressed during his lifetime to kinsmen near in blood, would be cruel.
Based on the foregoing, the application is granted on condition that the petitioners comply with the rules and regulations of Mt. Judah Cemetery and pay the required charges applicable therefor. Upon compliance with the above, the remains of decedent Hyman Elman may be disinterred from grave 47, block 2 of HVCC Independent Nemirover Society and reinterred in grave 218, blocks 15 and 16 in section 2 of the Society of Congregation Schaare Telilla Anschei Kobriner and Unterstizung, Inc. in Mt. Judah Cemetery.